TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00266-CV






Richard Quimby D/B/A Rescue Towing, Appellant



v.



Texas Department of Transportation, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 97-06018, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING 






 This appeal arises from a dispute between appellant Richard Quimby, a licensed
tow truck operator, and appellee Texas Department of Transportation ("TxDOT") concerning the
construction and enforcement of a provision of the Texas Motor Carrier Rules and Regulations
setting forth the requirements for the release of a motor vehicle from a vehicle storage facility
("VSF") to a tow truck operator. See 43 Tex. Admin. Code § 18.92(a)(2) (1999). (1) Quimby,
alleging that TxDOT was refusing to "enforce the rule as written," sued TxDOT in district court
for a declaratory judgment "declaring Section 18.92(a) (2) (F) of the Texas Motor Carrier Rules
and Regulations as a valid and correct method for a licensed tow truck operator to obtain
possession of motor vehicles from a [VSF]." See Tex. Civ. Prac. & Rem. Code Ann. § 37.004
(West 1997). The district court rendered such a judgment but did not agree with Quimby's
interpretation of the rule. Quimby appeals in three issues requesting this Court to declare a
different construction of the rule. We will affirm.


THE CONTROVERSY

 No evidence was submitted to the district court. The court reviewed the pleadings,
heard "extensive" arguments of counsel, reviewed the rule in question, and concluded that "this
appears to be solely a matter of law that can be determined from the face of the pleadings and the
face of the rule." Our facts, therefore, are gleaned from the pleadings before the district court,
the district court's remarks when he announced his decision, and the parties' briefs in this Court.

 Quimby owns and operates a professional towing service. Typically, whenever a
motor vehicle is involved in a collision and rendered inoperable, it will be towed to a VSF. The
vehicle's owner will then arrange for the vehicle to be towed from the VSF to a repair shop. 
Generally, a tow truck operator, and not the owner of the car, will go to the VSF, obtain the
vehicle, and tow it to a repair shop. TxDOT has promulgated regulations regarding the proper
procedures a VSF must follow before releasing a vehicle to its owner or the owner's authorized
representative. (2) See 43 Tex. Admin. Code § 18.92 (1999). Quimby alleges that on several
occasions he has attempted to obtain the release of a vehicle from a VSF and has been refused on
the stated basis that TxDOT requires that a VSF obtain an Affidavit of Right of Possession and
Control executed by Quimby on a form approved by TxDOT before releasing the vehicle. (3) 
Quimby disagrees with this interpretation of the rule. It is further his position that VSFs often
operate tow trucks in direct competition with independent tow truck operators and do not demand
of their own operators the same documentation that they require of independent operators. 
Appearing before a notary and signing an affidavit as the representative of the vehicle's owner is
time-consuming, thus resulting in substantial delay and therefore loss of business to the
independent tow truck operators to the advantage of VSF operators.

 Quimby related his problem to TxDOT which responded as follows:



Vehicle storage facilities are required to maintain records pertaining to the storage
of the vehicles in their facilities. They are required to accept only those written
instruments authorized in Section 18.92 . . . when releasing a vehicle to the owner
or his/her authorized representative.


However, the vehicle storage facilities may be questioning whether or not you are
an authorized representative of the owner and have the right to take possession of
the vehicle. This would explain the request for a complete affidavit. Without
knowing all the facts in a given situation, we are unable to determine if the vehicle
storage facility operators are in violation of TxDOT regulations.



(Emphasis added.)

 The rule at the heart of the controversy describes what documents a VSF is
required to obtain before it may release a vehicle in its possession:

 

(a) Release of vehicles. The [VSF] shall comply with the following requirements
when releasing vehicles.


. . . .


 (2) The [VSF] shall allow the vehicle owner or his/her representative to obtain
possession of the vehicle . . . upon payment of all fees due, presentation of
valid identification (Texas drivers license or other state or federally issued
photo identification), and upon presentation of:


 (A) a notarized power-of-attorney;


 (B) a court order;


 (C) a certificate of title;


 (D) a tax collector's receipt and a vehicle registration renewal card
accompanied by a conforming identification;


 (E) notarized proof of loss claim of theft from an insurance company to
show right of possession;


 (F) positive name identification corresponding to that contained in the files
of [TxDOT's] Vehicle Titles and Registration Division; or


 (G) a [TxDOT] approved Affidavit of Right of Possession and
Control . . . .



43 Tex. Admin. Code § 18.92(a)(2) (1999).


 Quimby filed suit against TxDOT seeking a declaratory judgment interpreting the
rule. His suit claims that TxDOT's policy is to rely solely on the affidavit described in section
(G) of the rule to the exclusion of all other documentation. TxDOT's position regarding its
interpretation of the rule is not immediately apparent from the record. The district court found
that the person seeking possession of the vehicle from the VSF must present one of the seven
documents described in sections (A) through (G) of the rule and "[w]hoever presents one of those
seven things has to fit inside one of those seven categories." In other words, the identification
presented to the VSF must identify the person named in the supporting document. The district
court, without contradiction, stated this to be TxDOT's position, and TxDOT's brief to this Court
is consistent with the district court's statement. We will therefore presume that the district court
correctly stated TxDOT's interpretation of the rule and sustained that interpretation.

 Quimby asserts that such interpretation ignores the rule "as written," effectively
making the section (G) affidavit the only form of identification that would be acceptable to a VSF
from a person in his position. The crux of his argument appears to be that an interpretation that
mandates that the person presenting identification be the same person described in one of the
rule's seven specified documents is unreasonable.


DISCUSSION

Lack of Notice of Appeal by TxDOT

 We are initially confronted with a cross point of error by TxDOT asserting that
because Quimby's suit is based on hypothetical facts, the district court's judgment is nothing more
than an advisory opinion. See Brinkley v. Texas Lottery Comm'n, 986 S.W.2d 764, 767 (Tex.
App.--Austin 1999, no pet.). The record before us does not contain a notice of appeal by TxDOT. 
"A party who seeks to alter the trial court's judgment or other appealable order must file a notice
of appeal." Tex. R. App. P. 25.1 (c). TxDOT's cross point is dismissed.


TxDOT's Interpretation of the Rule

 In three issues Quimby attacks the district-court judgment for (1) failing to address
whether the rule requires a tow truck operator to present a section (G) affidavit in order to obtain
the release of a vehicle from a VSF, (2) failing to declare that such an affidavit is not required
before a VSF may release a vehicle, and (3) failing to declare that a tow truck operator can obtain
release of a vehicle upon presentation of the information specified in section (F) of the rule. 
Quimby's issues all assert that TxDOT's interpretation of the rule is contrary to its plain meaning. 
We will therefore discuss the issues together.

 The district court accepted TxDOT's interpretation of the rule and in his judgment
stated that "the identification presented by the owner or owner's authorized representative must
correspond to the person named in the proofs of authority listed in 43 Tex. Admin. Code §
18.92(a)(2)(A)-(G)." If our analysis of Quimby's complaints went no further than comparing
those complaints to the judgment, they would lack merit. The judgment neither requires a tow
truck operator to present a section (G) affidavit nor disallows his presentation of section (F) proof
to obtain release of a vehicle. The judgment follows the rule and allows presentation of any proof
described in the rule so long as the person presenting the proof is properly identified as the person
named within it. Quimby's argument is actually one of reasonableness and practicality. If he
relies on section (F) proof, his identification must match the "positive name identification"
contained in TxDOT's files as communicated to the VSF. Quimby therefore would not be able
to use this proof of authority to pick up a vehicle owned by another because his identification
would not match the TxDOT information corresponding to the vehicle. His complaint is that the
rule, as interpreted by TxDOT, leaves him, as a practical matter, with only one proof of authority
that applies to him, the section (G) affidavit, and this places him at a competitive disadvantage
with regard to VSF tow truck operators. (4)
 

 We will examine TxDOT's interpretation of its rule to see if that interpretation is
reasonable. Administrative rules are ordinarily construed in the same manner as statutes. See
Lewis v. Jacksonville Bldg. & Loan Ass'n, 540 S.W.2d 307, 310 (Tex. 1976); Texas Citrus Exch.
v. Sharp, 955 S.W.2d 164, 169 (Tex App.--Austin 1997, no pet.). An agency's interpretation of
its own rules is entitled to deference by the courts. See PUC v. Gulf States Utils. Co., 809
S.W.2d 201, 207 (Tex. 1991); Citrus Exch., 955 S.W.2d at 169. Our review is limited to
determining whether the administrative interpretation "is plainly erroneous or inconsistent with
the regulation." Gulf States, 809 S.W.2d at 207 (quoting United States v. Larionoff, 431 U.S.
864, 872 (1977)); Citrus Exch., 955 S.W.2d at 169. We will defer to an agency's interpretation
as long as it is reasonable and does not contradict the plain meaning of the statute. See Miami ISD
v. Moses, 989 S.W.2d 871, 875 (Tex. App.--Austin 1999, pet. denied) (relying on Tarrant County
Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex. 1993) and Citrus Exch., 955 S.W.2d at
168). If an agency has "failed to follow the clear, unambiguous language of its own regulation,
we must reverse its action as arbitrary and capricious." Gulf States, 809 S.W.2d at 205 (citing
Sam Houston Elec. Coop., Inc. v. PUC, 733 S.W.2d 905, 913 (Tex. App.--Austin 1987, writ
denied)). 

 Quimby urges that under the rule he should be able to go to a VSF, present his
identification, pay all fees due, give the VSF the name and address of the vehicle's owner as it
appears in TxDOT's files, and then receive the vehicle. TxDOT disagrees and says that the name
and address information given by the person who goes to retrieve the vehicle must match that
person's identification. Although Quimby argues that TxDOT's interpretation is contrary to the
plain meaning of the rule, we conclude that it is not. The rule itself requires government-issued
picture identification. See 43 Tex. Admin. Code § 18.92(a)(2). There is nothing in the rule that
would preclude TxDOT's interpretation. Furthermore, requiring the owner's or owner's
representative's identification to match the name in a proof of authority is reasonable--for example,
not every certificate of title can qualify as a proof of authority; rather, the title has to match that
of the vehicle stored by the VSF. It is reasonable that the name in a certificate of title must match
that of the person who picks up the vehicle. This policy also serves to protect the public by
creating a "paper trail," thereby deterring theft. We hold that TxDOT's interpretation is not
plainly erroneous or inconsistent with the rule. Nor is its interpretation arbitrary or capricious. (5) 
We overrule Quimby's issues.


CONCLUSION


 Having overruled all of Quimby's issues and dismissed TxDOT's cross point, we
affirm the district court's judgment.


 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 13, 2000

Publish
1. For convenience, we will refer to this section of the administrative code, as do the parties
and the district court, as the "rule."
2. These regulations apply only to vehicles stored without the owner's consent. See 43 Tex.
Admin. Code § 18.81(b) (1999).
3. See id. § 18.92(a)(2)(G).
4. We assume without deciding that the most likely and convenient proof of authority Quimby
could present a VSF would be a section (G) affidavit. But we also note that if Quimby were
identified on a notarized power-of-attorney, a court order, or a notarized proof-of-loss claim of
theft, he could recover a vehicle from a VSF with any of those proofs of authority.

5. In so holding, we are mindful that the record seemingly lends some support to Quimby's
allegation that the rule has created a situation favoring VSF tow truck operators to the detriment
of independent operators, thus undermining competition. In announcing his ruling, the district
court encouraged TxDOT to consider whether the rule should be revised to ensure that its
operation "doesn't favor one over the other in the marketplace of competition so everybody can
compete fairly." We share the district court's concern.



/P>

 We will examine TxDOT's interpretation of its rule to see if that interpretation is
reasonable. Administrative rules are ordinarily construed in the same manner as statutes. See
Lewis v. Jacksonville Bldg. & Loan Ass'n, 540 S.W.2d 307, 310 (Tex. 1976); Texas Citrus Exch.
v. Sharp, 955 S.W.2d 164, 169 (Tex App.--Austin 1997, no pet.). An agency's interpretation of
its own rules is entitled to deference by the courts. See PUC v. Gulf States Utils. Co., 809
S.W.2d 201, 207 (Tex. 1991); Citrus Exch., 955 S.W.2d at 169. Our review is limited to
determining whether the administrative interpretation "is plainly erroneous or inconsistent with
the regulation." Gulf States, 809 S.W.2d at 207 (quoting United States v. Larionoff, 431 U.S.
864, 872 (1977)); Citrus Exch., 955 S.W.2d at 169. We will defer to an agency's interpretation
as long as it is reasonable and does not contradict the plain meaning of the statute. See Miami ISD
v. Moses, 989 S.W.2d 871, 875 (Tex. App.--Austin 1999, pet. denied) (relying on Tarrant County
Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex. 1993) and Citrus Exch., 955 S.W.2d at
168). If an agency has "failed to follow the clear, unambiguous language of its own regulation,
we must reverse its action as arbitrary and capricious." Gulf States, 809 S.W.2d at 205 (citing
Sam Houston Elec. Coop., Inc. v. PUC, 733 S.W.2d 905, 913 (Tex. App.--Austin 1987, writ
denied)). 

 Quimby urges that under the rule he should be able to go to a VSF, present his
identification, pay all fees due, give the VSF the name and address of the vehicle's owner as it
appears in TxDOT's files, and then receive the vehicle. TxDOT disagrees and says that the name
and address information given by the person who goes to retrieve the vehicle must match that
person's identification. Although Quimby argues that TxDOT's interpretation is contrary to the
plain meaning of the rule, we conclude that it is not. The rule itself requires government-issued
picture identification. See 43 Tex. Admin. Code § 18.92(a)(2). There is nothing in the rule that
would preclude TxDOT's interpretation. Furthermore, requiring the owner's or owner's
representative's identification to match the name in a proof of authority is reasonable--for example,
not every certificate of title can qualify as a proof of authority; rather, the title has to match that
of the vehicle stored by the VSF. It is reasonable that the name in a certificate of title must match
that of the person who picks up the vehicle. This policy also serves to protect the public by
creating a "paper trail," thereby deterring theft. We hold that TxDOT's interpretation is not
plainly erroneous or inconsistent with the rule. Nor is its interpretation arbitrary or capricious. (5) 
We overrule Quimby's issues.


CONCLUSION