

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 15, 2006

The Honorable Robert E. Talton
Chair, Urban Affairs Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0493

Re: Whether an "Affidavit of Right of Possession or Control" may be used only by a member of the registered vehicle owner's immediate family (RQ-0492-GA)

Dear Representative Talton:

You indicate that "there is some question as to the proper use of the Texas Department of Transportation's Form 1895, 'Affidavit of Right of Possession or Control,' [(the "Affidavit")] with regard to the release of vehicles from licensed vehicle storage facilities."[1] You thus ask whether any person may use the Affidavit to gain possession of a vehicle from a vehicle storage facility or whether usage is limited to "only . . . an immediate family member of the registered vehicle owner." Request Letter, *supra* note 1, at 1.

An unauthorized vehicle parked in a parking facility or on certain public roadway areas may be towed. *See* TEX. TRANSP. CODE ANN. §§ 684.012(a), .0125, .014(a) (Vernon Supp. 2006), .051–.053 (Vernon 1999); *see also id.* § 684.001(1), (4), (6), (7) (Vernon Supp. 2006) (defining "parking facility," "public roadway," "unauthorized vehicle," and "vehicle"). These and other tows that are performed without the vehicle owner's consent are called "nonconsent tows." *See id.* § 643.201(e)(4) (Vernon Supp. 2006); *cf. id.* § 643.201(e)(2) (defining "consent tow" as "any tow of a motor vehicle initiated by the owner or operator of the vehicle or by a person who has possession, custody, or control of the vehicle"). In general, "[a] towing company that makes a nonconsent tow shall tow the vehicle to a vehicle storage facility . . . ." *Id.* § 643.206(a). A vehicle storage facility is operated by a person licensed under Occupations Code chapter 2303. *See id.* §§ 643.206(a), 684.001(8); *see also id.* § 685.001(1) (defining "vehicle storage facility" for purposes of setting out the rights of stored vehicles' owners).

Chapter 2303, Occupations Code, is the Vehicle Storage Facility Act (the "Act"). *See* TEX. OCC. CODE ANN. § 2303.001 (Vernon 2004). For the Act's purposes, a vehicle storage facility is a privately owned "garage, parking lot, or other facility that is . . . used to store or park at least [ten]

---

[1]Letter from Honorable Robert E. Talton, Chair, Urban Affairs Committee, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (May 18, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

vehicles each year." *Id.* § 2303.002(8); *see also id.* § 2303.002(7) (defining "vehicle"). The Act requires the Texas Transportation Commission (the "Commission") to adopt rules establishing licensing requirements for a person wishing to operate a vehicle storage facility and setting out sanctions that may be imposed on persons licensed under the Act. *See id.* § 2303.051. The Texas Department of Transportation (the "Department") licenses vehicle storage facilities and enforces the Act and rules adopted by the Commission. *See id.* §§ 2303.052(a), .201, .202, .251, .301. A person may not operate a vehicle storage facility without a license issued by the Department under the Act. *See id.* § 2302.101(a).

The Commission's rules concerning vehicle storage facilities are set out in title 43, chapter 18, subchapter G of the Texas Administrative Code. *See generally* 43 TEX. ADMIN. CODE ch. 18, subch. G (2006) (Tex. Dep't of Transp., Vehicle Storage Facilities). Section 18.92 sets out technical requirements with which a vehicle storage facility must comply when releasing a vehicle stored as the result of a nonconsent tow. *See id.* § 18.92(a) (Tex. Dep't of Transp., Technical Requirements). At issue in your request is subsection (a)(3), which requires a licensed vehicle storage facility to release a vehicle to an individual who presents certain identifying information:

> [T]he licensee shall allow the vehicle owner or his/her authorized representative to obtain possession of the vehicle at any time between the hours listed on the facility information sign . . . , upon payment of all fees due, presentation of valid identification (Texas drivers license or other state or federally issued photo identification), and upon presentation of:
>
> (A) a notarized power-of-attorney;
>
> (B) a court order;
>
> (C) a certificate of title;
>
> (D) a tax collector's receipt and a vehicle registration renewal card accompanied by a conforming identification;
>
> (E) notarized proof of loss claim of theft from an insurance company to show a right to possession;
>
> (F) positive name and address information corresponding to that contained in the files of the [D]epartment's Vehicle Titles and Registration Division; or
>
> (G) a [D]epartment approved Affidavit of Right of Possession and Control, as defined in § 18.82 of this subchapter, which is to be furnished by the licensee upon request . . . .

*Id.* § 18.92(a)(3). The rules define the term "[v]ehicle owner" to include a member of the registered vehicle owner's immediate family. *See id.* § 18.82(13) (Tex. Dep't of Transp., Definitions). The term "[i]mmediate family" is defined to mean "[a]n individual's parents, spouse, children, brothers, and sisters if they reside in and are supported by the same household." *Id.* § 18.82(6). Section 18.82(3) defines the term "Affidavit of Right of Possession and Control," to which section 18.92(a)(3)(G) refers, as "[a] form prescribed by the [D]epartment and provided by the licensee for use by an individual certifying right of possession *if the licensee is unable to verify the individual's status as an immediate family member." Id.* § 18.82(3) (emphasis added).

The Department-approved Affidavit form requires a notary public to attest that an individual whose identity has been verified by the presentation of a driver's license has personally appeared before him and "after being duly sworn" stated:

> That I am the owner (or the authorized representative of . . . the owner) of the <u>Year/Make of vehicle</u> automobile, bearing <u>State</u> motor vehicle registration <u>License Plate Number</u> and/or <u>Vehicle Identification Number</u>, that as such I am entitled to obtain possession of said motor vehicle.

Tex. Dep't of Transp., Affidavit of Right of Possession or Control, *available at* www.dot.state.tx.us/ services/motor_carrier/vehicle_storage.htm (last visited Dec. 12, 2006).

You aver that the Department has interpreted sections 18.82(3) and 18.92(a)(3)(G) of its rules "to mean that a vehicle storage facility is required to release a vehicle to any person who presents a notarized Affidavit," whether or not the person is a member of the vehicle owner's immediate family. Request Letter, *supra* note 1, at 2. You believe the rules may be interpreted differently:

> A different interpretation of § 18.82(3) and [§]18.92[(a)](3)(G) is that the person certifying right of possession of the vehicle must be an immediate family member of the vehicle owner. The proper use of the Affidavit would be limited to those instances when the vehicle storage facility has some question about or trouble verifying whether or not the person seeking possession of the vehicle is in fact a family member of the vehicle owner. Under this interpretation, [if] the vehicle storage facility, for whatever reason, "... is unable to verify the individual's status as an immediate family member[,]" the Affidavit would then be used as additional proof and assurance that the person wanting the vehicle is an immediate family member of the vehicle owner.

*Id.*

In a brief submitted to this office, the Department defends its interpretation of section 18.93(a)(3), under which "anyone can use the affidavit under Paragraph (G), if he or she can sign and

attest that he or she has a right to possession of the vehicle."[2] The Department cites a 2000 decision of the Austin court of appeals, *Quimby v. Texas Department of Transportation*, that "recognized" that a tow truck operator who is not a member of a stored vehicle owner's immediate family may use an Affidavit to establish a right to possess the vehicle. TxDOT Brief, *supra* note 2, at 2; *see Quimby v. Tex. Dep't of Transp.*, 10 S.W.3d 778, 779 (Tex. App.—Austin 2000, pet. denied). The Department urges us to follow *Quimby*'s lead in upholding a state agency's interpretation of the agency's rules unless they are "plainly erroneous," "inconsistent with the rule," or "arbitrary or capricious." TxDOT Brief, *supra* note 2, at 3; *see Quimby*, 10 S.W.3d at 781–82. In the Department's view, "[i]t is clear that under [section] 18.92(a)(3) the owner or any authorized representative of the owner, regardless of the representative's relationship to the owner, may use the affidavit to satisfy the requirements of that provision." TxDOT Brief, *supra* note 2, at 4.

In *Quimby* a licensed tow truck operator argued that the Department had erroneously interpreted section 18.92(a)(3)[3] to require a vehicle storage facility to obtain a completed and notarized Affidavit from him before the facility would release the vehicle to him. *See Quimby*, 10 S.W.3d at 779. The court explained that generally, at least with respect to the nonconsent tow of a motor vehicle that has been "involved in a collision and rendered inoperable," "a tow truck operator, and not the owner of the car, will go to the [vehicle storage facility], obtain the vehicle, and tow it to a repair shop." *Id.* In the tow truck operator's view, requiring him to appear before a notary and sign an affidavit as the vehicle owner's authorized representative was unduly burdensome and resulted in the loss of business to tow trucks operated by the vehicle storage facilities. *Id.* at 780.

Ultimately holding that "nothing in the rule . . . would preclude" the Department's interpretation, the court set out the appropriate standards by which to evaluate the Department's construction:

> We will examine [the Department's] interpretation of its rule to see if that interpretation is reasonable. Administrative rules are ordinarily construed in the same manner as statutes. An agency's interpretation of its own rules is entitled to deference by the courts. Our review is limited to determining whether the administrative interpretation "is plainly erroneous or inconsistent with the regulation." We will defer to an agency's interpretation as long as it is reasonable and does not contradict the plain meaning of the statute.

---

[2]Letter from Leonard Reese, Associate General Counsel, Texas Department of Transportation, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 2 (June 9, 2006) (on file with the Opinion Committee) [hereinafter TxDOT brief].

[3]*Quimby* refers to the relevant section as 18.92(a)(2). *See Quimby*, 10 S.W.3d at 779; *see also* 22 Tex. Reg. 2593, 2597–98 (1997), *adopted* 22 Tex. Reg. 5680, 5680 (1997) (codified at 43 TEX. ADMIN. CODE § 18.92(a)(2)) (adopting the rule considered in *Quimby*). In November 2003 the Texas Department of Transportation proposed that, among other things, subsection (2) of section 18.92 be renumbered as subsection (3). *See* 28 Tex Reg. 10150, 10167–68 (proposed Nov. 14, 2003). The Commission adopted this proposal in 2004. *See* 29 Tex. Reg. 2715, 2716 (March 12, 2004). To avoid confusion, this opinion refers to the relevant section as section 18.92(a)(3).

> If an agency has "failed to follow the clear, unambiguous language of its own regulation, we must reverse its action as arbitrary and capricious."

*Id.* at 781–82 (citations omitted) (quoting *Pub. Util. Comm'n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 205, 207 (Tex. 1991)).

The rules do not facially restrict the Affidavit's use to immediate family members only. Section 18.82(a)(3) defines the Affidavit as a form a licensed vehicle storage facility must provide to an individual who claims the right to possess the vehicle "if the licensee is unable to verify" that the individual is a member of the vehicle owner's immediate family. 43 TEX. ADMIN. CODE § 18.82(3) (2006) (Tex. Dep't of Transp., Definitions). The definition does not expressly restrict the use of the Affidavit to immediate family members. The Commission easily could have written the definition to do so by replacing the phrase "if the licensee is unable" with "in order," but it did not do so. Under a reasonable reading of the definition, both an immediate family member who is unable to prove such status and any other authorized representative (who by definition could never prove family member status) may use an Affidavit to obtain the vehicle. *See id.*

Likewise, section 18.92 does not on its face limit the Affidavit's use to members of the vehicle owner's immediate family. *See generally id.* § 18.92 (Tex. Dep't of Transp., Technical Requirements). Rather, section 18.92 enables a vehicle owner's authorized representative to obtain possession of the vehicle upon presentation of the Affidavit. *See id.* § 18.92(a)(3). In addition, a member of the vehicle owner's immediate family is granted the same rights to claim the vehicle as the owner by presenting valid identification and one of the seven types of proof listed in section 18.92(a)(3). *See id.* § 18.92(a)(3); *cf.* TEX. OCC. CODE ANN. §§ 2303.002(5)(B), .153(a)(6) (defining "owner" and expressly recognizing that a member of a vehicle owner's immediate family may claim a stored vehicle). An immediate family member is likely to have access to at least one other acceptable type of proof, but subsection (a)(3)(G) in particular provides persons other than immediate family members—which *Quimby* suggests is standard practice—with a method by which to claim the vehicle. *See Quimby*, 10 S.W.3d at 779.

Consequently, we conclude that the Department has reasonably construed the Commission's rule, in a manner not inconsistent with the rule's plain language, to allow individuals outside the vehicle owner's immediate family to use the Affidavit. A licensed vehicle storage facility may release a stored vehicle to an individual who is not a member of the vehicle owner's immediate family but who presents a properly completed Affidavit and who otherwise complies with section 18.92(a)(3)'s requirements.

## S U M M A R Y

        The Texas Department of Transportation reasonably has construed title 43, sections 18.82(3) and 18.92(a)(3)(G) of the Texas Administrative Code to permit individuals who are not members of a vehicle owner's immediate family to claim the stored vehicle using an Affidavit of Right of Possession and Control. A licensed vehicle storage facility may release a stored vehicle to an individual who is not a member of the vehicle owner's immediate family but who presents a properly completed Affidavit and who otherwise complies with section 18.92(a)(3).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee