**CITY OF FREEPORT, Appellant,**

v.

**Joyce VANDERGRIFFT, Appellee.**

**No. 13–99–229–CV.**

Court of Appeals of Texas,
Corpus Christi.

July 27, 2000.

Frank L. Mauro, Lake Jackson, for Appellant.

Lynn J. Klement, Angleton, for Appellee.

Before Justices HINOJOSA, CHAVEZ and RODRIGUEZ.

# OPINION

Opinion by Justice CHAVEZ.

In 1998 appellee Joyce Vandergrifft, an employee of the City of Freeport, approached Gary Stone, then the city manager of Freeport, and asked him whether she could locate a "HUD-code manufactured home"[1] at 102 Slaughter Road in Freeport. Stone told her that she could. However, a short while later Stone was no longer city manager, and the city sued Vandergrifft seeking various injunctive relief and a declaratory judgment on the theory that the presence of Vandergrifft's HUD-code manufactured home at 102 Slaughter Road violated the city's zoning ordinance. Vandergrifft argued that Freeport's zoning ordinance was pre-empted by the Texas Manufactured Housing Standards Act,[2] and that Stone's permission estopped the city from asserting the present action. Both parties moved for summary judgment, and the trial court granted summary judgment for Vandergrifft but declined to award attorney's fees. We hold that, because Freeport's zoning ordinance fails to account for changes in the treatment of HUD-code manufactured homes and mobile homes required by the Act, the zoning ordinance was of no effect

as to Vandergrifft and affirm the judgment of the trial court.

Under Freeport's zoning ordinance, 102 Slaughter Road is zoned "R–2, Single Family Residential." Vandergrifft does not dispute Freeport's contention that her HUD-code manufactured home does not satisfy the requirements for an R–2 zone.[3]

However, Vandergrifft contends that Freeport's zoning ordinance is preempted by the Texas Manufactured Housing Standards Act ("the Act"). A city ordinance that attempts to regulate a subject matter preempted by a state statute is unenforceable to the extent it conflicts with the state statute. *Dallas Merchant's and Concessionaire's Assoc. v. Dallas*, 852 S.W.2d 489, 491 (Tex.1993). The Act expressly provides that "[t]he provisions of all ... ordinances ... which are in conflict with any of the provisions of this Act are superseded and preempted to the extent of such conflict." TEX.REV.CIV. STAT. ANN. art. 5221f, § 18 (Vernon 1987). However, a state statute and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached. *Dallas Merchant's*, 852 S.W.2d at 491. In order for a state statute to preempt a subject matter usually encompassed by municipal authority, the state statute must do so with "unmistakable clarity." *Id.*

Freeport's zoning ordinance does not provide separate categories for mobile homes and HUD-code manufactured homes.[4] Under the provisions of Free-

1. As will be discussed further in the opinion, this cumbersome term is a term of art.

2. TEX.REV.CIV. STAT. ANN. art. 5221f (Vernon 1987 & Supp.2000).

3. The R–2 is for "single family dwellings." Under the definitions of the zoning ordinance, a "dwelling" is "[a]ny building or portion thereof designed or used exclusively as the residence or sleeping place of one or more persons, but not including a tent, trailer, or mobile home." A "building" is "[a]ny structure having a roof supported by columns or walls, used or intended to be used for the shelter or enclosure of persons, animals or

property." A "structure" is "[a]nything constructed, the use of which required permanent location on the ground or attachment to something having a permanent location on the ground." Vandergrifft's HUD-code manufactured home is mobile and does not require "permanent location on the ground or attachment to something having a permanent location on the ground." Freeport, Tex., Ordinance 1100 (April 13, 1964).

4. The Texas Supreme Court has explained the use of the terms "mobile home" and "HUD-code manufactured home" under the Act this way:

port's zoning ordinance, HUD-code manufactured homes are defined and treated the same as mobile homes. Vandergrifft argues that by treating mobile homes and HUD-code manufactured homes the same, Freeport's zoning ordinance contravenes section 3A of the Act, which mandates separate treatment of HUD-code manufactured homes and mobile homes. Section 3A provides:

> The definitions of "mobile home," "HUD-code manufactured home," and "manufactured housing" set forth in Section 3 of this Act are binding on all persons and agencies in this state as a matter of law including local political subdivisions and home-rule cities. A mobile home is not a HUD-code manufactured home and a HUD-code manufactured home is not a mobile home for any purpose under the laws of this state. These terms shall not be defined in any manner which is not identical to the definitions set forth in Section 3 of this Act.

TEX.REV.CIV. STAT. ANN. art. 5221f, § 3A (Vernon Supp.2000). Vandergrifft also relies on section 4A of the Act, which allows cities to prohibit the installation of mobile homes within the city limits, but, with regard to HUD-code manufactured homes, requires:

> Upon application the installation of HUD-code manufactured homes shall be permitted as residential dwellings in those areas determined appropriate by the city, including subdivisions, planned unit developments, single lots, and rental communities and parks. An application to install a new HUD-code manufactured home for use and occupancy as a residential dwelling is deemed approved

and granted unless the city denies the application in writing within 45 days from receipt of the application setting forth the reason.

TEX.REV.CIV. STAT. ANN. art. 5221f, § 4A(b) (Vernon Supp.2000). In sum, Vandergrifft argues that because Freeport has failed to make separate provisions in its zoning ordinance for HUD-code manufactured homes, it could not use the ordinance to restrict the placement of her home. We agree.

Freeport relies on a case where the Federal Court of Appeals for the Fifth Circuit considered a similar case and held that a municipal zoning ordinance that failed to treat HUD-code manufactured homes separately from mobile homes was not preempted by the Act, and the city was authorized to restrict HUD-code manufactured homes to areas zoned for "trailer coaches." *Texas Manufactured Hous. Assoc., Inc. v. City of Nederland*, 101 F.3d 1095, 1101 (5th Cir.1996). The *Nederland* court concluded that "nothing in article 5221f precludes a municipality from regulating both types of manufactured housing (mobile homes and HUD-code manufactured homes) using a single term." *Id.*

Vandergrifft argues that this portion of *Nederland* "has been gutted by subsequent amendments to the Act by the Texas legislature." The 1997 amendments added the last sentence of section 3A, stating that the terms "mobile home" and "HUD-code manufactured home" "may not be defined in any manner that is not identical to the definitions set forth in Section 3 of this Act." However, the first sentence of section 3A already provided that section 3's definitions "are binding on all persons and

[T]he term "house trailer" acquired an undesirable connotation resulting in a concerted *effort by the industry to change its image.* In the late 1960's the term "mobile home" began to replace the term "house trailer." In the late 1970's the industry applied the term "manufactured homes" to the products, replacing the name "mobile home." The Texas Manufactured Housing Standards Act section 3(a) defines the term "mobile home" and

section 3(u) defines the term "HUD–Code manufactured home." The definitions are identical except that a mobile home was constructed prior to June 15, 1976, and a manufactured home is one constructed subsequent to June 15, 1976, according to the Rules of the United States Department of Housing and Urban Development. This is essentially a distinction without a difference. *Wilmoth v. Wilcox*, 734 S.W.2d 656, 658 (Tex.1987).

agencies in this state as a matter of law including local political subdivisions and home-rule cities." We can conceive of no construction of this statute that gives the third sentence any meaning that is not duplicative of the first sentence. At most, the third sentence clarifies the first. Therefore, we do not consider the *Nederland* opinion to have been "gutted" by the 1997 amendments.

Still, we are not persuaded that the decision in this case should be the same as that reached in *Nederland.* The definition of "mobile home" in Freeport's zoning ordinance does not comport with the definition mandated by the Act. *See* Tex.Rev.Civ. Stat. Ann. art. 5221f, § 3A (Vernon Supp. 2000). The Act requires that the term "mobile home" be limited to housing manufactured prior to June 15, 1976. Tex.Rev. Civ. Stat. Ann. art. 5221f, § 3(17) (Vernon Supp.2000). Vandergrifft's home was manufactured after that date and therefore does not fit the definition of a mobile home. Because Vandergrifft's home does not fit the definition of a "mobile home," and Freeport's ordinance does not provide a separate category for HUD-code manufactured homes, the ordinance wholly fails to address Vandergrifft's home and is without effect as to it.

The *Nederland* court held that, because the city had chosen to provide a zoning category for "trailer coaches," a term which, by its definition in the ordinance, encompassed both HUD-code manufactured homes and mobile homes, the ordinance was not preempted by the Act. In contrast, Freeport seeks to regulate HUD-code manufactured homes under a category for "mobile homes." The Act specifically prohibits categorizing HUD-code manufactured homes as mobile homes. *See* Tex. Rev.Civ. Stat. Ann. art. 5221f, § 3A (Ver-

non Supp.2000) ("a mobile home is not a HUD-code manufactured home and a HUD-code manufactured home is not a mobile home"). Furthermore, because Vandergrifft's home does not fit under the pre–1976 definition of "mobile home" as mandated by the Act, Freeport's ordinance does not regulate Vandergrifft's home under any of the categories of its zoning scheme.[5]

We conclude that, because Freeport's ordinance fails to comply with the Act's mandate that HUD-code manufactured homes be provided space and be defined separately from mobile homes, Freeport could not rely on the flawed definition of "mobile home" in its zoning ordinance to demand that Vandergrifft move her home.

In a single cross point, Vandergrifft argues that the trial court abused its discretion in refusing to award attorney's fees to her. However, Vandergrifft failed to file a notice of appeal. Any party who seeks to alter the trial court's judgment must file a notice of appeal. Tex.R.App. P. 25.1(c); *Quimby v. Texas Dept. of Transp.,* 10 S.W.3d 778, 781 (Tex.App.—Austin 2000, no pet. h.). A showing of "just cause" is required before we may award more favorable relief than did the trial court to a party who does not file a notice of appeal. Tex.R.App. P. 25.1(c). Vandergrifft has not attempted to show "just cause" for overlooking her failure to file a notice of appeal. Therefore we may not consider Vandergrifft's cross point.

The judgment of the trial court is affirmed.

---

5. We are mindful that the unfortunate lesson of this opinion, read in conjunction with *Nederland,* appears to be that a city which is particularly out of date in its zoning ordinance (*i.e.,* Nederland with it's category for "trailer coaches") is better protected than a city which is closer to being up to date. Nev-

ertheless, we think the problem of cities failing to update their zoning ordinances as mandated by state law would only be compounded were we to extend the reasoning of the *Nederland* opinion in this case, and we decline to do so.