**Patricia WELKENER, Appellant,**

v.

**Billy WELKENER, Appellee.**

No. 13–00–295–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 2, 2001.

John F. Dietze, Cuero, for appellant.

Jack W. Marr, Marr Meier & Bravicich, Victoria, for appellee.

Before Chief Justice ROGELIO VALDEZ and Justices YAÑEZ and RODRIGUEZ.

## OPINION

VALDEZ, Chief Justice.

In eight issues, appellant, Patricia Welkener, challenges the trial court's division of the community estate in a final judgment in her divorce from Appellee, Billy Welkener. By one cross-point, Mr. Welkener also challenges a portion of said judgment.

On June 15, 1999, the parties herein appeared at a hearing to "prove up" their divorce, and recite, into the record, their agreement concerning division of the community estate. At the hearing, Mrs. Welkener agreed that, among other things, she would be awarded $1,098.84 per month from Mr. Welkener's retirement account. At the conclusion of the hearing, the trial court announced:

"All right. Then I'll grant the divorce as requested and I'll approve the settlement of the parties and it's so ordered at this time."

Subsequently, at a hearing on a motion for entry of judgment, Mrs. Welkener asked the trial court to enter judgment that she receive 32.7 percent of Mr. Welkener's retirement account. Mrs. Welkener argued that it was important to state the award in terms of a percentage, rather than a sum certain, so that she would be entitled to share in any future increase of Mr. Welkener's monthly retirement benefit. Mrs. Welkener further argued that when the agreement was announced in open court, she described the agreement in terms of dollars and cents, but this was merely a shorthand method for describing the percentage that she is entitled to receive. After conducting a hearing, the trial court entered a judgment which incorporated the original agreement of the parties, awarding Mrs. Welkener $1,098.84 per month from Mr. Welkener's retirement account. Mrs. Welkener then filed a motion seeking a new trial on the grounds of unilateral mistake. The trial court denied the motion, and this appeal ensues.

■ In her first set of issues,[1] Mrs. Welkener complains that the trial court erred in entering a final judgment and Qualified Domestic Relations Order (QDRO) inconsistent with her understanding of the property division agreement. She argues that her choice of words at the "prove up" of the parties' agreement was a mistake which related to a material feature of the agreement which was of so great a consequence, the enforcement of the agreement would be unconscionable, and therefore, the trial court erred in denying her motion for new trial.

■ A trial court has wide discretion in denying a motion for new trial, and its action will not be disturbed on appeal absent a showing of abuse of discretion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983); *Delgado v. Hernandez*, 951 S.W.2d 97, 98 (Tex.App.-Corpus Christi 1997, no writ).

■ A unilateral mistake by a party to the agreement ordinarily will not constitute grounds for relief when the mistake was not known to or induced by the other party. *Johnson v. Snell*, 504 S.W.2d 397, 399 (Tex.1973). However, in support of her argument, Mrs. Welkener relies on *James T. Taylor & Son, Inc. v. Arlington I.S.D.*, 160 Tex. 617, 335 S.W.2d 371 (1960). This case holds that equitable relief will be granted against a unilateral mistake when the conditions of remedial mistake are present. *James T. Taylor & Son, Inc.*, 335 S.W.2d at 374. Generally, to be entitled to the relief, the party must show that: 1) the mistake is of so great a consequence that to enforce the contract as made would be unconscionable; 2) the mistake relates to a material feature of the contract; 3) the mistake must have been made regardless of the exercise of ordinary care; 4) the parties can be placed in status quo in the equity sense, *i.e.*, recission must not result in prejudice to the other party except for the loss of his bargain. *Id.; see Fonseca v. County of Hi-*

---

1. Appellant designated these issues as A, C, D, E, and G.

*dalgo,* 527 S.W.2d 474, 478 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

The first condition which must exist is that the mistake is of so great a consequence that to enforce the contract, or as in this case the judgment, would be unconscionable. Mrs. Welkener has not satisfactorily shown that this condition exists. Mrs. Welkener argues that future increases in Mr. Welkener's monthly retirement benefit will compound the effect of her mistake and therefore makes their agreement unconscionable, because she will not participate in any increases. On the record before us, we find no evidence that the amount ordered paid to Mrs. Welkener from Mr. Welkener's retirement account was an unreasonable amount and should be considered unconscionable. The record reflects that the dollar amount agreed to was, at the time of trial, the equivalent to the percentage which Mrs. Welkener's counsel intended to include in the agreement. Further, Mrs. Welkener presented no evidence that Mr. Welkener's monthly retirement payments were likely to increase in the future. Therefore, we find that the trial court did not abuse its discretion in denying the motion for new trial. These issues are overruled.

■ In issue "B," Mrs. Welkener argues that she did not consent to the language in the final decree of divorce and, therefore, the decree should be reformed to delete the following language: "The parties have consented to the terms of this decree and stipulated it a contract." It is well settled that a consent judgment cannot be rendered when one party does not consent at the time judgment actually is rendered although that party previously may have consented to the agreement. *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951). A party may revoke his consent to settle a case any time before the judgment is rendered. *Sam-*

*ples Exterminators v. Samples,* 640 S.W.2d 873, 874–75 (Tex.1982). However, "[a] judgment is in fact rendered whenever the trial judge officially announces his decision in open court ... in his official capacity for his official guidance whether orally or by written memorandum the sentence of law pronounced by him in any cause." *Id.* at 875. In the instant case, after the parties voiced their approval of the settlement dictated in open court, the trial court rendered judgment by ordering them to follow the agreement. Therefore, Mrs. Welkener could not later object to the characterization of the judgment as a consent judgment. This issue is overruled.

■ Finally, in issue "F," Mrs. Welkener complains that the decree should be reformed to delete the confirmation of 276 acres of real property in Bee County as Mr. Welkener's separate property. Mrs. Welkener argues there was no evidence to support this confirmation. When reviewing a "no evidence" or legal sufficiency challenge, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contracting,* 964 S.W.2d 276, 286 (Tex.1998); *Norwest Mortgage, Inc. v. Salinas,* 999 S.W.2d 846, 853 (Tex.App.—Corpus Christi 1999, pet. denied). A legal sufficiency challenge is sustained when the record discloses: (1) that there is a complete absence of evidence of a vital fact; (2) that the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more than a scintilla; or (4) that the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997); *Norwest Mortgage,* 999 S.W.2d at 853.

Any property possessed by either spouse on dissolution of the marriage is presumed to be community property, and a spouse seeking to establish that property is separate property must do so by clear and convincing evidence. TEX. FAM. CODE ANN. § 3.003 (Vernon 1998).

Mr. Welkener's counsel, at the hearing on the motion for new trial, conceded that the parties presented no evidence that the 276 acres of real property in Bee County was Mr. Welkener's separate property. On appeal, Mr. Welkener does not cite this Court to any evidence in the record which would support this portion of the decree, and this Court can find none. Accordingly, we sustain this issue.

Courts of appeals are empowered to affirm, modify, correct, reform, reverse and dismiss, or reverse and render the judgment that the court below should have rendered. TEX. R. APP. P. 43.2. Therefore, we reform the final decree of divorce to delete the confirmation of 276 acres of real property in Bee County as the separate property of Mr. Welkener.

■ In one cross-point, Mr. Welkener asks this Court to grant him relief by reforming the trial court's judgment to delete the confirmation of 50 acres of real property in Bee County as the separate property of Mrs. Welkener. Rule 25.1(c) of the Texas Rules of Appellate Procedure requires any party "who seeks to alter the trial court's judgment or other appealable order" to file a notice of appeal. TEX. R. APP. P. 25.1(c); *City of Freeport v. Vandergrifft*, 26 S.W.3d 680, 683 (Tex.App.-Corpus Christi 2000, no pet.). Rule 25.1(c) further states when a party fails to file a notice of appeal, a showing of "just cause" is required before an appellate court may award more favorable relief than did the trial court. *See* TEX. R. APP. P. 25.1(c). Here, Mr. Welkener requests more favorable relief from this Court and failed to file

a notice of appeal. Further, Mr. Welkener failed to show "just cause" for overlooking his failure to file a notice of appeal. *See id.* Because Welkener has not met the requirements of rule 25.1(c), his cross-point may not be considered by this court. This sole cross-issue is overruled.

The trial court's judgment is REFORMED to delete the confirmation of separate property to Billy Welkener, and as reformed, the judgment is AFFIRMED.