header.ag1



NUMBER 13-00-295-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 


PATRICIA WELKENER, Appellant,


v.


BILLY WELKENER, Appellee.

 

On appeal from the 135th District Court

of Refugio County, Texas.

 
O P I N I O N

Before Chief Justice Rogelio Valdez and Justices Yañez and Rodriguez

Opinion by Chief Justice Valdez


In eight issues, appellant, Patricia Welkener, challenges the trial court's division of the community estate in a final
judgment in her divorce from Appellee, Billy Welkener. By one cross-point, Mr. Welkener also challenges a portion of
said judgment.

On June 15, 1999, the parties herein appeared at a hearing to "prove up" their divorce, and recite, into the record, their
agreement concerning division of the community estate. At the hearing, Mrs. Welkener agreed that, among other things,
she would be awarded $1,098.84 per month from Mr. Welkener's retirement account. At the conclusion of the hearing, the
trial court announced:

"All right. Then I'll grant the divorce as requested and I'll approve the settlement of the parties and it's so ordered at this
time."

Subsequently, at a hearing on a motion for entry of judgment, Mrs. Welkener asked the trial court to enter judgment that
she receive 32.7 percent of Mr. Welkener's retirement account. Mrs. Welkener argued that it was important to state the
award in terms of a percentage, rather than a sum certain, so that she would be entitled to share in any future increase of
Mr. Welkener's monthly retirement benefit. Mrs. Welkener further argued that when the agreement was announced in open
court, she described the agreement in terms of dollars and cents, but this was merely a shorthand method for describing the
percentage that she is entitled to receive. After conducting a hearing, the trial court entered a judgment which incorporated
the original agreement of the parties, awarding Mrs. Welkener $1,098.84 per month from Mr. Welkener's retirement
account. Mrs. Welkener then filed a motion seeking a new trial on the grounds of unilateral mistake. The trial court denied
the motion, and this appeal ensues.

In her first set of issues, (1) Mrs. Welkener complains that the trial court erred in entering a final judgment and Qualified
Domestic Relations Order (QDRO) inconsistent with her understanding of the property division agreement. She argues
that her choice of words at the "prove up" of the parties' agreement was a mistake which related to a material feature of the
agreement which was of so great a consequence, the enforcement of the agreement would be unconscionable, and therefore,
the trial court erred in denying her motion for new trial.

A trial court has wide discretion in denying a motion for new trial, and its action will not be disturbed on appeal absent a
showing of abuse of discretion. Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983); Delgado v. Hernandez, 951
S.W.2d 97, 98 (Tex. App.-Corpus Christi 1997, no writ). 

A unilateral mistake by a party to the agreement ordinarily will not constitute grounds for relief when the mistake was not
known to or induced by the other party. Johnson v. Snell, 504 S.W.2d 397, 399 (Tex. 1973). However, in support of her
argument, Mrs. Welkener relies on James T. Taylor & Sons, Inc. v. Arlington I.S.D., 335 S.W.2d 371 (Tex. 1960). This
case holds that equitable relief will be granted against a unilateral mistake when the conditions of remedial mistake are
present. James T. Taylor & Sons, Inc., 335 S.W.2d at 374. Generally, to be entitled to the relief, the party must show that:
1) the mistake is of so great a consequence that to enforce the contract as made would be unconscionable; 2) the mistake
relates to a material feature of the contract; 3) the mistake must have been made regardless of the exercise of ordinary care;
4) the parties can be placed in status quo in the equity sense, i.e., recission must not result in prejudice to the other party
except for the loss of his bargain. Id.; see Fonseca v. County of Hidalgo, 527 S.W.2d 474, 478 (Tex. Civ. App.--Corpus
Christi 1975, writ ref'd n.r.e.).

The first condition which must exist is that the mistake is of so great a consequence that to enforce the contract, or as in this
case the judgment, would be unconscionable. Mrs. Welkener has not satisfactorily shown that this condition exists. Mrs.
Welkener argues that future increases in Mr. Welkener's monthly retirement benefit will compound the effect of her
mistake and therefore makes their agreement unconscionable, because she will not participate in any increases. On the
record before us, we find no evidence that the amount ordered paid to Mrs. Welkener from Mr. Welkener's retirement
account was an unreasonable amount and should be considered unconscionable. The record reflects that the dollar amount
agreed to was, at the time of trial, the equivalent to the percentage which Mrs. Welkener's counsel intended to include in
the agreement. Further, Mrs. Welkener presented no evidence that Mr. Welkener's monthly retirement payments were
likely to increase in the future. Therefore, we find that the trial court did not abuse its discretion in denying the motion for
new trial. These issues are overruled.

In issue "B," Mrs. Welkener argues that she did not consent to the language in the final decree of divorce and, therefore, the
decree should be reformed to delete the following language: "The parties have consented to the terms of this decree and
stipulated it a contract." It is well settled that a consent judgment cannot be rendered when one party does not consent at
the time judgment actually is rendered although that party previously may have consented to the agreement. Burnaman v.
Heaton, 150 Tex. 333, 240 S.W.2d 288, 291 (1951). A party may revoke his consent to settle a case any time before the
judgment is rendered. Samples Exterminators v. Samples, 640 S.W.2d 873, 874-75 (Tex. 1982). However, "[a] judgment
is in fact rendered whenever the trial judge officially announces his decision in open court . . . in his official capacity for his
official guidance whether orally or by written memorandum the sentence of law pronounced by him in any cause." Id. at
875. In the instant case, after the parties voiced their approval of the settlement dictated in open court, the trial court
rendered judgment by ordering them to follow the agreement. Therefore, Mrs. Welkener could not later object to the
characterization of the judgment as a consent judgment. This issue is overruled.

Finally, in issue "F," Mrs. Welkener complains that the decree should be reformed to delete the confirmation of 276 acres
of real property in Bee County as Mr. Welkener's separate property. Mrs. Welkener argues there was no evidence to
support this confirmation. When reviewing a "no evidence" or legal sufficiency challenge, we consider all the evidence in
the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. Associated
Indem. Corp. v. CAT Contracting, 964 S.W.2d 276, 286 (Tex. 1998);Norwest Mortgage, Inc. v. Salinas, 999 S.W.2d 846,
853 (Tex. App.--Corpus Christi 1999, pet. denied). A legal sufficiency challenge is sustained when the record discloses:
(1) that there is a complete absence of evidence of a vital fact; (2) that the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no
more than a scintilla; or (4) that the evidence conclusively establishes the opposite of the vital fact. Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Norwest Mortgage, 999 S.W.2d at 853. 

Any property possessed by either spouse on dissolution of the marriage is presumed to be community property, and a
spouse seeking to establish that property is separate property must do so by clear and convincing evidence. Tex. Fam.
Code Ann. § 3.003 (Vernon 1998).

Mr. Welkener's counsel, at the hearing on the motion for new trial, conceded that the parties presented no evidence that the
276 acres of real property in Bee County was Mr. Welkener's separate property. On appeal, Mr. Welkener does not cite this
Court to any evidence in the record which would support this portion of the decree, and this Court can find none. 
Accordingly, we sustain this issue. 

Courts of appeals are empowered to affirm, modify, correct, reform, reverse and dismiss, or reverse and render the
judgment that the court below should have rendered. Tex. R. App. P. 43.2. Therefore, we reform the final decree of
divorce to delete the confirmation of 276 acres of real property in Bee County as the separate property of Mr. Welkener.

In one cross-point, Mr. Welkener asks this Court to grant him relief by reforming the trial court's judgment to delete the
confirmation of 50 acres of real property in Bee County as the separate property of Mrs. Welkener. Rule 25.1(c) of the
Texas Rules of Appellate Procedure requires any party "who seeks to alter the trial court's judgment or other appealable
order" to file a notice of appeal. Tex. R. App. P. 25.1(c); City of Freeport v. Vandergrifft, 26 S.W.3d 680, 683 (Tex.
App.-Corpus Christi 2000, no pet.). Rule 25.1(c) further states when a party fails to file a notice of appeal, a showing of
"just cause" is required before an appellate court may award more favorable relief than did the trial court. See Tex. R. App.
P. 25.1(c). Here, Mr. Welkener requests more favorable relief from this Court and failed to file a notice of appeal. Further,
Mr. Welkener failed to show "just cause" for overlooking his failure to file a notice of appeal. See id. Because Welkener
has not met the requirements of rule 25.1(c), his cross-point may not be considered by this court. This sole cross-issue is
overruled.

The trial court's judgment is REFORMED to delete the confirmation of separate property to Billy Welkener, and as
reformed, the judgment is AFFIRMED.

___________________

ROGELIO VALDEZ

CHIEF JUSTICE



Publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 2nd day of August, 2001.

1. Appellant designated these issues as A, C, D, E, and G.