NUMBER 13-04-00529-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


ARTURO CAVAZOS AND CYNTHIA CAVAZOS,

INDIVIDUALLY AND AS NEXT FRIENDS OF

MAKAYLA CAVAZOS, A MINOR CHILD,                                      Appellants,

 

                                                             v.

 

MIGUEL CINTRON, M.D.,                                                                  Appellee.

                                                                                                                       


   On appeal from the 103rd District Court of Cameron County,
Texas.

                                                                                                                        

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








Appellants, Arturo Cavazos and Cynthia Cavazos,
individually and as next friends of Makayla Cavazos, a minor child, appeal the
dismissal of their medical malpractice suit against appellee, Miguel Cintron,
M.D.  In two issues, appellants contend
the trial court erred in granting the motion to dismiss.  We affirm.

                                                   A.  Factual
Background

On August 29, 2003, appellants filed suit against
appellee, Miguel Cintron, M.D., among others, alleging that the defendants were
negligent in carrying out their duties as physician, nurse-midwife, attending
nurses and health care providers during the process of labor and delivery, and
defendants= actions and inactions fell short of the acceptable
standards of medical practice.  The trial
court signed an AAgreed Order on Plea in Abatement@ on January 26, 2004, abating the case for sixty
days.

On April 2, 2004, after the abatement period had
expired, Dr. Cintron and the other defendants filed motions to dismiss for
failure to timely file an expert report. 
On April 12, 2004, appellants provided defendants with the report of Joseph L. Des Rosiers, M.D.  On June 8, 2004, the trial court denied
defendants= motions to dismiss.  Dr. Cintron and the other defendants
subsequently filed their second motions to dismiss arguing that even if the
appellants= expert report was considered timely, it was
inadequate.  In response, appellants
argued that the expert report constituted a Agood faith@ effort to comply with article 4590i of the
Texas Medical Liability and Insurance Improvement Act (Athe Act@).[1]  Following a hearing on the motions, the trial
court dismissed appellants= suit, with prejudice, against defendants,
Miguel Cintron, M.D., Valley Women=s Clinic, Valley Baptist Medical Center,
Mary Krebsbach, CNM, Ursula Villarreal, and Linda Matthews.  Appellants appeal only from the trial court=s order dismissing their cause of action
against Dr. Cintron.








                                                               B.  Discussion

In their second issue, appellants contend
the trial court abused its discretion in dismissing their lawsuit because Dr.
Des Rosiers= report represents a Agood faith effort@ to comply with the requirements of former
article 4590i.

In deciding the adequacy of an expert
report, Athe issue for the trial court is whether >the report= represents a good‑faith effort to
comply with the statutory definition of an expert report.@  Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex.
2001).  AThat definition requires, as to each
defendant, a fair summary of the expert=s opinions about the applicable standard of
care, the manner in which the care failed to meet that standard, and the causal
relationship between that failure and the claimed injury.@  Id.  In deciding whether a report represents a
good‑faith effort to comply with the statutory definition of an expert
report, Aa trial court should look no further than
the report.@  Id.

We review a trial court=s decision to dismiss a case under former
article 4590i, under an abuse‑of‑discretion standard.  See Walker v. Gutierrez, 111 S.W.3d
56, 63 (Tex. 2003); Palacios, 46 S.W.3d at 878. 
A trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner without reference to any guiding rules or principles.  Bowie Mem. Hosp. v. Wright, 79 S.W.3d
48, 52 (Tex. 2002).








Dr. Des Rosiers= report begins with the statement that he
reviewed the medical records from three defendants, including Dr. Cintron.  He says he is a board certified obstetrician
and gynecologist and opines that he is Aqualified to evaluate the medical care of
Cynthia Cavazos received by [defendants] during her labor and the delivery of
her daughter.@  He
says that he understands the definitions of negligence and proximate cause and
provides general definitions of each. 
Dr. Des Rosiers= report continues with a brief summary of
Cynthia Cavazos= prenatal history, and then concludes with
the following:

The deviation from the standard of care,
which in reasonable medical probability caused the permanent left brachial
plexus injury, occurred at the time of delivery.  First, a more generous episiotomy to relieve
any element of soft tissue dystocia should have been done.  Second, the use of fundal pressure is
contraindicated in the delivery of a shoulder dystocia problem.  Fundal pressure further impacts the anterior
shoulder against the symphysis pubis and increases the need for excessive
lateral traction on the fetal head in attempting to dislodge the anterior
shoulder.  This is what caused the
permanent brachial plexus injury.  In
reasonable probability, had a more generous episiotomy been made and no fundal
pressure been used, the permanent brachial plexus injury would not have
occurred.   

 

We agree with the trial court that Dr. Des
Rosiers= report fails to constitute a good-faith
effort to comply with the Act.  The
report generally names each defendant, but fails to present the standard of
care relevant to each physician, nurse-midwife, nurses, and other health-care
providers.  He further fails to explain
what each of these parties should have done and what each party failed to
do.  See Taylor v. Christus
Spohn Health Sys. Corp., 169 S.W.3d 241, 244 (Tex. App.BCorpus Christi 2004, no pet.) (AAn expert report may not assert that
multiple defendants are all negligent for failing to meet the standard of care
without providing an explanation of how each defendant specifically breached
the standard and how that breach caused or contributed to the cause of the
injury.@). 
Because Dr. Des Rosiers= report fails to meet the good-faith
effort  standard, we hold the trial court
did not abuse its discretion in dismissing appellants= suit. 
Appellant=s second issue is overruled.[2]








                                                 C.  Appellee=s Cross-Issue

In one cross-issue, Dr. Cintron asserts that
the trial court erred in denying his first motion to dismiss and failing to
award attorney=s fees. 
However, rule 25.1(c) of the Texas Rules of Appellate Procedure requires
any party Awho seeks to alter the trial court's
judgment or other appealable order@ to file a notice of appeal. Tex. R. App. P. 25.1(c); Welkener v.
Welkener, 71 S.W.3d 364, 368 (Tex. App.BCorpus Christi 2001, no pet.); City of
Freeport v. Vandergrifft, 26 S.W.3d 680, 683 (Tex. App.BCorpus Christi 2000, no pet.). Rule 25.1(c)
further states that when a party fails to file a notice of appeal, a showing of
Ajust cause@ is required before an appellate court may
award more favorable relief than did the trial court.  See Tex.
R. App. P. 25.1(c).  Here, Dr.
Cintron requests more favorable relief from this Court and failed to file a
notice of appeal.  Further, Dr. Cintron
failed to show Ajust cause@ for overlooking his failure to file a
notice of appeal.  See id.  Because Dr. Cintron has not met the
requirements of rule 25.1(c), his cross‑issue may not be considered by
this Court.[3]  Dr. Cintron=s sole cross‑issue is overruled.

                                                              D.  Conclusion

The trial court=s order of dismissal with prejudice is
affirmed.

 

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
29th day of June, 2006.  











[1]
See Act of April 19, 1977, 65th Leg.,
R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2064 [hereinafter Aformer article 4590i, section
13.01"], repealed by Act of May 16, 2003, 78th Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847
(current version at Tex. Civ. Prac.
& Rem. Code Ann. ' 74.351 (Vernon 2005 & Supp. 2005)).  Because former article 4590i governs this
case, we cite to that statute.





[2]
Appellants also assert in
their first issue that the trial court abused its discretion in applying the
wrong legal standard based on language used in its letter opinion.  However, we must uphold a correct lower court
judgment on any legal theory before it, even if the court gives an incorrect
legal reason for its judgment.  See
Guar. County Mut. Ins. Co. v. Reyna, 709 S.W.2d 647, 648 (Tex. 1986)
(citing Gulf Land Co. v. Atl. Refining Co., 131 S.W.2d 73, 77 (Tex.
1939)). 
Because we have concluded the report was inadequate under the Act, we
need not address this issue.  See Tex. R. App. P. 47.1.    





[3] Appellee=s attorney includes Mary Krebsbach,
CNM, and Valley Women=s Clinic, defendants in the
original suit, as appellees on this cross-issue.  However, because they also failed to comply
with rule 25.1(c), their cross-issue cannot be considered.