NUMBER 13-08-00110-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ANTONIO SALINAS, JR. AND SAN JUANA 

SALINAS, INDIVIDUALLY AND AS PERSONAL 

REPRESENTATIVES OF THE ESTATE OF

TIFFANY MARIE SALINAS, DECEASED, Appellants,


v.
 


JOHN W. KRISTENSEN, M.D., Appellee.

 


On appeal from the 197th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Rodriguez



 This is an appeal from a take-nothing judgment entered in favor of appellee, John
W. Kristensen, M.D. By five issues, appellants, Antonio Salinas, Jr. and San Juana
Salinas, individually and as personal representatives of the estate of their daughter, Tiffany
Salinas, contend (1) the trial court erred in granting judgment for Dr. Kristensen because
the doctrine of parental immunity applied, and (2) the trial court erred in failing to award the
Salinases a certain percentage of damages. By one cross-issue, Dr. Kristensen contends
that, should this Court sustain any of the Salinases' issues, the trial court abused its
discretion when it denied his motion to dismiss, which complained of the adequacy of the
Salinases' expert report. We reverse and remand.

I. Background On April 3, 2003, the Salinases filed a medical malpractice suit against Dr.
Kristensen in connection with the death of their daughter. After a trial on the merits, a jury
found Dr. Kristensen, Antonio, and San Juana negligent, with Dr. Kristensen 40%
responsible, Antonio 30% responsible, and San Juana 30% responsible. The jury awarded
the Salinases $152,000 in damages for the claims made under the survival statute and
$25,000 each for the wrongful death claims. However, because the parents were
collectively more than 50% responsible for causing the death of their daughter, the trial
court entered a take-nothing judgment against the Salinases and in favor of Dr. Kristensen. 
The Salinases filed their notice of appeal and requested a partial reporter's record. See
Tex. R. App. P. 34.6.

II. Discussion

A. Limited Appeal

 The Salinases filed this appeal on a partial reporter's record containing only
"arguments of counsel and objections and rulings of the Court of the hearing held on
October 5, 2007, on [Dr. Kristensen's] Motion to Enter Judgment." See Tex. R. App. P.
34.6(c)(1). Under the Texas Rules of Appellate Procedure, an appellant may present a
limited appeal based on a partial reporter's record if the appellant includes in his request
for the reporter's record a statement of the points or issues to be presented on appeal. Id.;
In re A.W.P., 200 S.W.3d 242, 245 (Tex. App.-Dallas 2006, no pet.). "If a party complies
with rule 34.6(c), he is entitled to the presumption that the omitted portions of the record
are not relevant to the disposition of the appeal." Brown v. McGuyer Homebuilders, Inc.,
58 S.W.3d 172, 175 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). When an
appellant appeals with a partial reporter's record but does not designate points or issues
relied upon for appeal, we must presume that the missing portions of the record support
the trial court's judgment. In re A.W.P., 200 S.W.3d at 245 (citing Bennett, 96 S.W.3d at
229); Davis v. Kaufman County, 195 S.W.3d 847, 851 (Tex. App.-Dallas 2006, no pet.);
Brown, 58 S.W.3d at 175.

 In this case, while the Salinases did file a written request with the court reporter to
prepare a partial reporter's record, they did not announce in their request or in their notice
of appeal any intention to limit their appeal, nor did they include in the request or notice the
issues to be presented on appeal. See Tex. R. App. P. 34.6(c)(1). Thus, the Salinases are
not entitled to the presumption that the omitted portions of the reporter's record are
irrelevant to the disposition of the appeal. Brown, 58 S.W.3d at 175. Rather, we must
presume that the omitted portions of the record support the judgment the trial court
rendered. See In re A.W.P., 200 S.W.3d at 245.


B. Parental Immunity

 By their first issue, the Salinases argue that Dr. Kristensen is not entitled to a
reduction of the estate's damages by the percentage of negligence found against the
Salinases because of the doctrine of parental immunity. The Salinases urge that because
parental immunity bars a child from bringing a cause of action against his parents, Dr.
Kristensen, likewise, is not entitled to any reduction.

 Under the parental immunity doctrine, an unemancipated minor is restricted in
bringing a negligence action against his parents if the actionable conduct involves a
reasonable exercise of parental authority or discretion. Shoemake v. Fogel, Ltd., 826
S.W.2d 933, 935 (Tex. 1992) (concluding that parental immunity applied to claim for
negligent supervision of child who drowned). "[W]here the parental immunity doctrine bars
legal action by a child against his parents, that child's recovery from other defendants is
not reduced by his parents' percentage of negligence." Plainview Motels v. Reynolds, 127
S.W.3d 21, 41 (Tex. App.-Tyler 2003, pet. denied) (applying parental immunity when a
father held his child to prevent him from running about the premises which, the court
concluded, was an act of supervision).

 The parental immunity doctrine is applicable to "alleged acts of ordinary negligence
which involve a reasonable exercise of parental authority or the exercise of ordinary
parental discretion with respect to provisions for the care and necessities of the child." 
Shoemake, 826 S.W.2d at 938. However, parental immunity does not apply if the
evidence shows that (1) the parents committed a willful, malicious, or intentional wrong
against a child or abandoned or abdicated their parental responsibility, (2) the act
complained of arises outside of a normal family relationship of a parent to a child, or (3) the
damages were caused to the child by the parents negligently operating a motor vehicle. 
See McCullough v. Godwin, 214 S.W.3d 793, 801 (Tex. App.-Tyler 2007, no pet.) (citing
Reynolds, 127 S.W.3d at 41; Hall v. Martin, 851 S.W.2d 905, 909 (Tex. App.-Beaumont
1993, writ denied) (concluding that parental immunity applied to claim that parent was
negligent in entrusting a motor scooter to child without instructions or helmet)).

 The transcript from the October 5, 2007 hearing on Dr. Kristensen's motion for entry
of judgment appears in the appellate record and provides no support for the Salinases'
parental immunity contentions. Moreover, there is no record from the trial before us, and
therefore the record contains no evidence on the issue of parental immunity. Because we
must presume that the omitted portions of the reporter's record support the trial court's
judgment, see In re A.W.P., 200 S.W.3d at 245; Brown, 58 S.W.3d at 175, we cannot
conclude that the trial court erred in refusing to apply the doctrine of parental immunity in
this case. We overrule the Salinases' first issue as it relates to parental immunity.

C. Proportionate Responsibility The Salinases also contend by their first issue that the trial court improperly entered
a take-nothing judgment based on the jury's findings that the mother's and father's
percentage of responsibility, taken together, was greater than 50 percent. We agree.

 Section 33.001 of the Texas Civil Practice and Remedies Code provides that "a
claimant may not recover damages if his percentage of responsibility is greater than 50
percent." Tex. Civ. Prac. & Rem. Code Ann. § 33.001 (Vernon 2008). "If the claimant is
not barred from recovery under Section 33.001, the court shall reduce the amount of
damages to be recovered by the claimant with respect to a cause of action by a percentage
equal to the claimant's percentage or responsibility." Id. § 33.012(a) (Vernon 2008).

 During the relevant time, chapter 33 defined "claimant" as follows:

 "Claimant" means a party seeking recovery of damages pursuant to the
provisions of Section 33.001, including a plaintiff, counterclaimant, or third-party plaintiff seeking recovery of damages. In an action in which a party
seeks recovery of damages for . . . death of another person, . . . "claimant"
includes both that other person and the party seeking recovery of damages
pursuant to the provisions of Section 33.001.


Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 973 (current
version at Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1) (Vernon 2008)). Further, section
33.003, entitled "Determination of Percentage of Responsibility," provides that the trier of
fact shall determine the percentage of responsibility for each claimant, each defendant,
each settling person, and each responsible third party with respect to each person's
causing or contributing to cause harm from, among other things, a negligent act or a
defective product, for which recovery of damages is sought. Tex. Civ. Prac. & Rem. Code
Ann. § 33.003 (Vernon 2008).

 The Salinases assert that the trial court improperly considered them as one claimant
by combining their percentages of responsibility. They contend that each parent is entitled
to be considered separate and distinct when reducing any damage apportionment under
section 33.003. See id. In response, Dr. Kristensen urges that the father and mother in
this case do constitute a single "claimant," and therefore, their collective 60% responsibility
precludes recovery under section 33.001. Id. § 33.001.

 In Sanchez v. Brownsville Sports Center, Inc., a products liability and wrongful death
case, we concluded that if more than one plaintiff is found responsible for the harm, the
plaintiffs' percentages of responsibility cannot be combined to reach the 51% threshold and
bar them from recovering damages. 51 S.W.3d 643, 656 (Tex. App.-Corpus Christi 2001),
vacated w.r.m. sub nom. Honda Motor Co. v. Sanchez, No. 01-1040, 2003 Tex. LEXIS 8,
at *1 (Tex. Feb. 6, 2003). Specifically, we ruled that the percentages of responsibility
assigned to the Ramoses, the parents in that case, could not be combined to bar recovery
under chapter 33. See id. We explained that,

 [a]lthough only one cause of action exists in . . . [a] wrongful death case,
each of the parents is entitled to recover for the death of their son. . . . As
they are each entitled to recover, each of the Ramoses is a claimant for the
purposes of the civil practice and remedies code. Each one of the Ramoses 
should have recovered the amount of damages apportioned to them by the
jury and reduced by their respective percentages of responsibility.


Id.

 Dr. Kristensen argues that following our precedent in Sanchez would be inconsistent
with the Texas Supreme Court's holding in Drilex Systems, Inc. v. Flores. See 1 S.W.3d
112, 122 (Tex. 1999). We disagree. In Drilex, the supreme court concluded that all of the
Flores family members who were party-plaintiffs seeking recovery of damages for the
injuries suffered by Jorge Flores were included in the term "claimant" and were to be
treated as one claimant for purposes of applying the dollar-for-dollar credit. Id.; see Tex.
Civ. Prac. & Rem. Code Ann. § 33.012(b) (Vernon 2008). The Drilex court addressed a
settlement credit issue. See Drilex, 1 S.W.3d at 120. It clarified the proper procedure for
applying settlement credits when family plaintiffs are seeking damages for injury to the
same person. Id. at 120-24.

 The issue in this case does not involve settlement credits. As in Sanchez, this case
generally involves a determination of whether the trial court's judgment provided the
Salinases with all the relief to which they are entitled under chapter 33 of the Texas Civil
Practice and Remedies Code. See Tex. R. Civ. P. 301 (providing that a judgment "shall
be so framed as to give the party all the relief to which he may be entitled either in law or
equity"). Concluding that the trial court erred in rendering a take-nothing verdict under
applicable Texas law, we resolved that issue in favor of the parents in Sanchez, see 51
S.W.3d at 656, and following our precedent, we now resolve it in favor of the Salinases. 
We stated in Sanchez, "[a] fair reading of the relevant statutory provisions precludes
combining percentages to bar recovery, just as it bars combining multiple defendants'
percentages to determine if joint and several liability is appropriate." Id.; see Tex. Civ.
Prac. & Rem. Code §§ 33.012(a) (setting out that the amount of damages due a claimant
shall be reduced by a percentage of responsibility assessed against the claimant), 33.013
(providing that each liable defendant is jointly and severally liable for damages recoverable
by the claimant if the percentage of responsibility attributed to the defendant is greater than
50 percent).

 Noting that Sanchez involved only a wrongful death claim, Dr. Kristensen attempts
to distinguish that case from the Salinases' survival claims. He urges that, in a survival
claim, each parent is not entitled to recover; rather, the parents, as representatives of the
estate, would be entitled to a single recovery. Thus, with respect to the survival claims, he
contends that the parents cannot each be considered separate claimants under Sanchez. 
We find no authority supporting this argument. Without more, we cannot conclude that the
collective responsibility of the parents should bar recovery of damages awarded for injuries
the child suffered before her death. We, thus, are bound by our precedent in Sanchez. 
See 51 S.W.3d at 656.

 Dr. Kristensen also argues that the language found in section 13.01(r)(3) of the
former article 4590i of the Texas Revised Civil Statutes, the applicable medical liability
statute, supports the argument that the parents are one claimant and, thus, their
proportionate liability should be combined. See Act of May 5, 1995, 74th Leg., R.S., ch.
140, § 13.01(r)(3), 1995 Tex. Gen. Laws 985, 986 (current version at Tex. Civ. Prac. &
Rem. Code Ann. § 74.001) (Vernon 2005)). Former article 4590i, section 13.01(r)(3)
provides "[a]ll plaintiffs claiming to have sustained damages as the result of the bodily
injury or death of a single person are considered to be a single claimant." Id. Again,
however, we find no case law that interprets the applicability of section 13.01(r)(3) in a
proportionate liability context or that distinguishes between health care liability claims under
former article 4590i and products liability claims in determining proportionate responsibility. 
Therefore, we are bound to follow Sanchez. See 51 S.W.3d at 656.

 We conclude that the trial court erred in determining that the mother's and father's
percentages of responsibility, taken collectively, barred recovery and in rendering a take-nothing judgment on the wrongful death and survival claims. Thus, we sustain the
Salinases' first issue on that basis.D. Motion to Dismiss

 By a conditional cross-issue, Dr. Kristensen asserts that, should we sustain any of
the Salinases' issues and reverse the trial court's take-nothing judgment, the trial court
abused its discretion in denying his motions to dismiss because the Salinases did not serve
an expert report complying with the requirements of former section 13.01 in that the report
failed to adequately address causation. See Act of May 5, 1995, 74th Leg., R.S., ch. 140,
§ 13.01, 1995 Tex. Gen. Laws 985, 986 (current version at Tex. Civ. Prac. & Rem. Code
Ann. § 74.001); Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam)
(explaining that the report must include the expert's opinion on each of the three elements
that the statute identifies: standard of care, breach, and casual relationship). Dr.
Kristensen suggests that this argument is raised in this appeal as an additional basis upon
which the take-nothing judgment could have been supported. We disagree.

 Rule 25.1(c) of the Texas Rules of Appellate Procedure requires any party "who
seeks to alter the trial court's judgment or other appealable order" to file a notice of appeal. 
Tex. R. App. P. 25.1(c); Welkener v. Welkener, 71 S.W.3d 364, 368 (Tex. App.-Corpus
Christi 2001, no pet.); City of Freeport v. Vandergrifft, 26 S.W.3d 680, 683 (Tex.
App.-Corpus Christi 2000, no pet.). Dr. Kristensen's cross-issue in this case challenges
the trial court's ruling on his motion to dismiss. It does not address the trial or the trial
court's take-nothing judgment. Were we to sustain this conditional cross-issue, we would
not affirm the take-nothing judgment. Rather, as Dr. Kristensen acknowledges, we would
reverse the trial court's order denying Dr. Kristensen's motions to dismiss and dismiss the
Salinases' claims. Therefore, this is an issue to be raised in a cross-appeal, not as an
additional basis to uphold the judgment.

 Our review of the record reveals that Dr. Kristensen did not file a notice of appeal. 
See Tex. R. App. P. 26.1(d) (setting out that if any party files a timely notice of appeal,
another party may file a notice of appeal within thirty days after the judgment is signed, with
exceptions that do not apply here, or fourteen days after the first filed notice, whichever is
later). Therefore, this cross-issue is not properly before this Court.

III. Conclusion

 We reverse the trial court's take-nothing judgment against the Salinases and
remand for entry of a judgment in accordance with this opinion.


 NELDA V. RODRIGUEZ

 Justice



Dissenting Memorandum Opinion by Justice Vela.


Delivered and filed the 25th

day of November, 2009.