Judy C. BROWN, James Lee Kelly, and Richard Colt, Appellants,

v.

McGUYER HOMEBUILDERS, INC., Appellee.

No. 14–00–00390–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 26, 2001.

Judy C. Brown, James Lee Kelly, Richard Colt, Houston, pro se.

Robert H. Singleton, Jr., Houston, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.

## OPINION

ANDERSON, Justice.

This is an appeal from a judgment in favor of McGuyer Homebuilders, Inc. ("McGuyer"), appellee, in a suit involving allegations of breach of contract and fraud. We affirm.

McGuyer is a general partner of MHI Partnership, Ltd., a large homebuilder. Appellants were new home sales counselors employed by McGuyer. When their employment with McGuyer ended, appellants claimed the company owed them certain sales commissions. When McGuyer refused to pay the commissions, appellants brought suit alleging breach of contract and fraud.

At the close of appellants' case, McGuyer moved for a directed verdict on all claims asserted by appellants. At that time, the trial court granted only a directed verdict on the claims asserted by Brown. The remaining issues were submitted to the jury after the close of all of the evidence. The jury returned a verdict in favor of McGuyer. The trial court entered judgment based on its directed verdict and the jury's verdict. Appellants perfected this appeal.

Appellants, Judy C. Brown, James Lee Kelly, and Richard Colt, raise three issues on appeal alleging: (1) the trial court erred in refusing to allow certain witnesses to testify on the basis that appellants failed to identify these witnesses in response to discovery requests; (2) the trial court erred in excluding appellants' rebuttal witnesses; and (3) the trial court erred in granting a *directed verdict* in favor of McGuyer on the claims brought by Brown.[1]

We must begin our discussion by addressing the ramifications of appellants' failure to comply with rule 34.6(c)(1) of the Texas Rules of Appellate Procedure governing appeal on a partial reporter's record.

Appellants filed this appeal on a partial reporter's record containing only: (1) defendant's pretrial motion to exclude plaintiffs' witnesses from testifying; (2) defendant's directed verdict motion to dismiss Judy Brown's claims; (3) defendant's motion to exclude plaintiffs' rebuttal witnesses; and (4) jury instruction by the court. Appellants did not, however, comply with Texas Rule of Appellate Procedure 34.6(c), governing the filing and use of a partial record. *See* TEX.R.APP. P. 34.6(c). That rule states:

> If the appellant requests a partial reporter's record, the appellant *must* include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues.

*Id.* (emphasis added).

■ The purpose of filing a partial reporter's record is to: (1) reduce the size and cost of the reporter's record; (2) limit the issues on appeal; and (3) invoke the presumption that the partial record contains all evidence relevant to the appeal. *CMM Grain Co., Inc. v. Ozgunduz*, 991 S.W.2d 437, 439 (Tex.App.—Fort Worth 1999, no pet.); *see* TEX.R.APP. P. 34.6(c). However, to realize the benefits of an appeal with a partial reporter's record, the party must strictly adhere to the procedures outlined in rule 34.6(c). *Alford v. Whaley*, 794 S.W.2d 920, 923 (Tex.App.— Houston [1st Dist.] 1990, no writ).

■ First, the appellant must file a written request with the court reporter to prepare a partial reporter's record. TEX. R.APP. P. 34.6(b), (c). This request must identify the specific parts of the record to transcribe and what exhibits to include.

---

1. The third issue actually states: "The trial court erred when it granted Corporation's request for *summary judgment* against Appellant One." (emphasis added). We note, however, that McGuyer did not move for "summary judgment" against Brown; rather, McGuyer moved for a directed verdict. Accordingly, we shall review this issue according to the standards and rules pertinent to directed verdicts, not summary judgments.

TEX.R.APP. P. 34.6(b)(1). Second, along with the request for a partial reporter's record, the party must include a list of the issues that it intends to assert on appeal. TEX.R.APP. P. 34.6(c)(1). The issues to be presented on appeal need not be precise, but should describe the nature of the alleged errors with reasonable particularity. *Hilton v. Hillman Distrib. Co.,* 12 S.W.3d 846, 848 (Tex.App.—Texarkana 2000, no pet.). Lastly, the appellant must send the request to the court reporter, trial court clerk, and other parties. TEX.R.APP. P. 34.6(b); *Superior Packing, Inc. v. Worldwide Leasing & Fin., Inc.,* 880 S.W.2d 67, 70 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

▮▮▮ If a party complies with rule 34.6(c), he is entitled to the presumption that the omitted portions of the record are not relevant to the disposition of the appeal. TEX.R.APP. P. 34.6(c)(4); *Jaramillo v. Atchison, Topeka & Santa Fe Ry. Co.,* 986 S.W.2d 701, 702 (Tex.App.—Eastland 1998, no pet.). If, on the other hand, the party fails to comply with rule 34.6(c), the contrary presumption arises, and this Court must instead presume that the omitted portions support the judgment rendered, whereupon the party will be left with an insufficient record. *CMM,* 991 S.W.2d at 439. Strict compliance with rule

34.6(c) is necessary to trigger the presumption that the omitted portions of the record are irrelevant to the issues on appeal and appellate disposition. *Id.; Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990) (addressing necessity for strict compliance with rule 53(d), the predecessor to rule 34.6(c)).[2]

▮▮▮ In this case, while appellants did file a written request with the court reporter to prepare a partial reporter's record, they did not announce in their request or in the notice of appeal any intention to limit their appeal, nor did they include in the request or the notice the issues to be presented on appeal. Moreover, appellants did not send the request to the trial court clerk or McGuyer.[3] Consequently, they are not entitled to the presumption that the partial reporter's record constitutes the full record. *Brown v. Brown,* 917 S.W.2d 358, 360 (Tex.App.—El Paso 1996, no writ). Rather, we must presume that the omitted portions of the record support the judgment the trial court rendered. *CMM,* 991 S.W.2d at 439.

▮▮▮ In issues one and two, appellants contend the trial court committed reversible error based on various evidentiary rulings. A party seeking to reverse a judgment based on evidentiary error must prove the error probably resulted in an

---

**2.** Furthermore, the Texas Supreme Court has stated:

> An appellant must either comply with rule 53(d) [predecessor to rule 34.6(c) ] or file a complete statement of facts; otherwise, it will be presumed that the omitted portions are relevant to the disposition of the appeal. A reviewing court must examine the entire record in a case in order to determine whether an error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. When an appellant has neither complied with rule 53(d) nor filed a statement of facts, the reviewing court is unable to ascertain whether a particular ruling by the trial

court is harmful in the context of the entire case.

*Christiansen,* 782 S.W.2d at 843 (citation omitted).

**3.** We note, however, that in their request to the court reporter, appellants asked that she file a copy of the letter with the clerk. That responsibility, however, does not belong to the court reporter. *See* TEX.R.APP. P. 34.6(b)(2). Rather, the rules specifically require the appellant to file the request with the trial court clerk. *Id.* In any event, the letter, even if filed with the trial court clerk, would have been insufficient to comply with the rule because it did not contain a list of the issues appellants intended to assert on appeal.

improper judgment, which requires the complaining party to show the judgment turns on the particular evidence excluded or admitted. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995). As stated by the First Court of Appeals, "A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted .... we [then] determine whether the case turns on the evidence excluded by reviewing the entire record." *Merckling v. Curtis,* 911 S.W.2d 759, 772 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (citations omitted). Thus, in order to determine whether the trial court's allegedly erroneous evidentiary rulings constituted harmful error, we must examine the entire record. *Alvarado,* 897 S.W.2d at 754; *Gardner v. Baker & Botts,* 6 S.W.3d 295, 298 (Tex.App.—Houston [1st Dist.] 1999, pet. denied). Because appellants failed to comply with rule 34.6(c)(1), we must presume that evidence omitted from the record would have shown that the errors, if any, were harmless. *See Hilton,* 12 S.W.3d at 848. Accordingly, issues one and two are overruled.

■■■■ In their third and final issue, appellants contend the trial court erred in granting a directed verdict in favor of McGuyer on the claims brought by Brown. We review a challenge to a directed verdict in the light most favorable to the person suffering an adverse judgment. *S.V. v. R.V.,* 933 S.W.2d 1, 8 (Tex.1996); *Rodriguez v. United Van Lines, Inc.,* 21 S.W.3d 382, 383 (Tex.App.—San Antonio 2000, pet. denied). Disregarding all contrary evidence and inferences, we must determine whether there is any evidence to raise a fact issue. *Szczepanik v. First S. Trust Co.,* 883 S.W.2d 648, 649 (Tex. 1994); *Rodriguez,* 21 S.W.3d at 383. If the record contains any probative and conflicting evidence on a material issue, the jury must determine the issues. *White v.*

*Southwestern Bell Tel. Co.,* 651 S.W.2d 260, 262 (Tex.1983). However, when no evidence of probative force on an ultimate fact element exists, or when the probative force of the evidence is so weak that only mere surmise or suspicion is raised as to the existence of essential facts, the trial court has the duty to instruct the verdict. *Villarreal v. Art Institute of Houston, Inc.,* 20 S.W.3d 792, 796 (Tex.App.—Corpus Christi 2000, no pet.).

■■■■ In this case, because appellants failed to comply with rule 34.6(c), we must presume the omitted portions of the record support the trial court's decision to direct a verdict in favor of McGuyer on the claims asserted by Brown. *See CMM,* 991 S.W.2d at 439. Thus, appellants have not provided a sufficient record to challenge the directed verdict. *See id.* Accordingly, we overrule appellants' third issue.

Appellants' failure to comply with the strict requirements of rule 34.6(c) requires this Court to presume the omitted portions of the record support the trial court's decisions and judgment. Accordingly, we affirm the judgment of the trial court.