Affirmed and Opinion filed July 3, 2002









Affirmed
and Opinion filed July 3, 2002.

 

                                                                              

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00625-CV

____________

 

MICHAEL SCOTT AMERSON,
Appellant

 

V.

 

CATHERINE CORNELIA STEEMERS AMERSON ,
Appellee

 



 

On
Appeal from the 246th District Court

Harris County, Texas

Trial
Court Cause No. 00-29049

 



 

M
E M O R A N D U M   O P I N I O N

Appellant
Michael Scott Amerson appeals pro se from a divorce
decree, asserting twenty-four points of error. 
Finding each of his complaints either to be without merit or
unsubstantiated by the appellate record, we affirm.








In
points of error 1, 2, and 4, appellant alleges the trial court failed to
accommodate his visual impairment in accordance with the Americans with
Disabilities Act (ADA).  His primary
complaint appears to be that the trial court promised to have someone read the
final decree of divorce to him, but did not do so.  His brief shows that he is familiar with the
terms of that decree but fails to explain how he has been prejudiced by the
alleged failure.  He fails to cite any
other instances in the record where ADA violations occurred and made no formal
bill of exceptions to establish such allegations.  See Tex.
R. App. P. 33.2 (providing for proof of matters not reflected in
record).  Points 1, 2, and 4 are
overruled.  

In
point of error 3, appellant complains that no reporter=s
record was made of the hearing on entry of final judgment some two weeks after
the parties= divorce trial. 
Appellant fails to provide any evidence that he made a timely request
for such a record, or provide a formal bill of exceptions to establish his
claim.  See Tex. R. App. P. 33.2.  Moreover, as it does not appear that any
evidence was introduced at this hearing, there is no indication how he was
prejudiced by the alleged failure.  Point
of error 3 is overruled.

In
point of error 5, appellant complains his own counsel misinformed him about the
nature of one of several pretrial hearings. 
He does not explain how his attorney=s alleged error constitutes reversible error by the trial
court.  Point of error 5 is overruled. 

In
his points of error 6 through 8, appellant complains of alleged errors in the
temporary orders entered by the trial court. 
These temporary orders did not survive entry of the final decree, and
cannot form the basis of an appeal.   See Coke v. Coke, 802 S.W.2d 270, 273-74
(Tex. App.CDallas 1990, writ denied). 
Points of error 6 through 8 are overruled.  








In
points of error 9 through 17, appellant alleges the trial court erred in Aprompting@
his minor daughter=s testimony during the divorce trial, and attacks the property
division and child custody provisions of the final decree of divorce.  Although appellant filed an excerpt from the
in-chambers testimony of Holly Amerson, no other
record of the divorce trial proceedings has been filed, nor has he complied
with the requirements for a limited appeal. 
See Tex. R. App. P. 34.6.  Thus, we must presume the judgment is
supported by the omitted trial evidence, and we do not reach the merits of
these points of error.  See Schafer
v. Conner, 813 S.W.2d 154, 155 (Tex. 1991) (holding that in the absence
of a complete statement of facts, it is presumed on appeal that omitted
evidence supports the trial court=s judgment); Brown v. McGuyer
Homebuilders, Inc., 58 S.W.3d 172, 174-75 (Tex. App.CHouston
[14th Dist.] 2001, pet. denied).  Points
of error 9 through 17 are overruled.

In
point of error 18, appellant contends the trial court violated his civil and
constitutional rights by denying his motion for new trial.  As his sole legal authority in support of
this allegation, appellant cites us to the Preamble to the United States Constitution,
the Fourteenth Amendment, and the Equal Protection Clause, and otherwise does
not brief his argument.  Because this is
insufficient for us to understand his complaint, it presents nothing for our
review.  See Tex. R. App. P. 38.2(h); Steptoe v.
True, 38 S.W.3d 213, 214 n.1 (Tex. App.CHouston
[14th Dist.] 2001, no pet.).  Point of
error 18 is overruled.  

In
points 19 through 21, appellant complains of alleged errors in the reporter=s
records made in hearings held before and after trial.  To preserve these complaints, appellant had
to request correction at a hearing in the trial court.  See Tex.
R. App. P. 34.6(e).  Because he did not, he has waived his
complaints.  Moreover, he does not
indicate how these hearings before and after trial affected the judgment, which
we must presume was based on the evidence at trial (and as to which we have no
record).  Points of error 19 through 21
are overruled. 

In
point of error 22, appellant complains of omission from the clerk=s
records of (1) a letter from his doctor establishing his visual impairment, and
(2) a news article concerning the resignation of former Harris County Attorney
Mike Fleming.  Appellant does not
indicate how either of these alleged omissions harmed him.  See Tex.
R. App. P. 44.1 (stating
harmless error standard). 
Point of error 20 is overruled. 

In
points of error 23 and 24, appellant alleges the trial court used trickery,
coercion, and retaliation against him during certain pretrial and post-trial
hearings.  Again, he does not identify
these alleged occurrences or indicate how they resulted in entry of an erroneous
judgment.  See Tex. R. App. P. 44.1.  Points of error 23 and 24 are overruled. 

 








The
judgment of the trial court is affirmed.

 

 

/s/        

Scott Brister

Chief Justice

 

 

 

 

Judgment rendered and Opinion filed July
3, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C
Tex. R. App. P. 47.3(b).