Affirmed and Opinion filed December 19, 2002









Affirmed
and Opinion filed December 19, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01110-CV

____________

 

JOHN R. SOARD, Appellant

 

V.

 

UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER and MARY T. DONOVAN
SMITH, AS INDEPENDENT EXECUTRIX FOR THE ESTATE OF DR. MICHAEL G. DONOVAN,
DECEASED, Appellees

 



 

On
Appeal from the 333rd District Court

Harris County, Texas

Trial
Court Cause No. 95-59405

 



 

O
P I N I O N

In
this dental malpractice suit, appellant John R. Soard, pro se, appeals
from a take nothing judgment rendered on (1) an instructed verdict in favor of
appellee University of Texas Health Science Center (UTHSC) and (2) a jury verdict
in favor of appellee Mary T. Donovan Smith, Independent Executrix for the
Estate of Dr. Michael G. Donovan, deceased. 
We affirm.








PROCEDURAL
BACKGROUND

The law suit.  In 1995, Soard sued UTHSC, Dr. Michael G.
Donovan, and two other dentists for dental malpractice.  In 2001, after a series of rulings related to
proposed expert witnesses, the case proceeded to jury trial, with UTHSC and the
independent executrix as the only remaining defendants.  At the close of evidence, the trial court
instructed a verdict that Soard take nothing on all causes of action against
UTHSC.  The court submitted the question
of Donovan=s negligence to the jury, which found no negligence.  On October 30, 2001, the court rendered a
take nothing judgment in favor of UTHSC and Donovan.

The appellate record.  On November 19, 2001, Soard filed a pro se
notice of appeal.  On March 19, 2002, the
clerk of this court notified Soard, by letter, that if he failed to provide a
reporter=s
record, we would consider and decide only those issues or points that do not
require a reporter=s record.[1]  Soard replied on March 26, 2002, stating he
had not made arrangements for the reporter=s record.  This court
then ordered Soard to file a brief on or before May 27, 2002, or face dismissal
of his appeal for want of prosecution.

On
May 24, 2002, Soard filed a motion for new trial in this court.  He contended he was entitled to a new trial
because the trial court could not locate certain documents which he had
designated for inclusion in the clerk=s record.  This court
denied the motion for new trial, but ordered:








The judge of the 333rd District Court shall promptly
conduct a hearing pursuant to rule 34.5(e) of the Texas Rules of Appellate
Procedure at which appellant and appellees shall participate.  At the hearing the trial court shall determine
if the parties can agree to (1) which documents are missing, and (3) [sic] what
constitutes accurate copies of the missing documents.  See Tex.
R. App. P. 34.5(e).  If the
parties can agree, the trial court is to see that the parties enter a written
stipulation to that effect.  Id.
Copies of the stipulated documents are to be delivered to the trial court clerk
for inclusion in a supplemental clerk=s
record.  Id.  Any such record must be filed in this Court on
or before July 12, 2002.  If the
parties are unable to agree about which documents are missing and/or what
constitutes accurate copies of the missing documents, the trial court is
ordered to determine which documents are missing and what constitutes accurate
copies of the missing documents.  Id.  The trial court shall then order the
documents to be included in a supplemental clerk=s record
and filed in this Court on or before July 12, 2002.  Id. 


Additionally, we withdraw our order of April 25, 2002,
which required appellant to file his brief on or before May 27, 2002, or face
dismissal.  Appellant=s brief is now ordered to be filed 30 days after the
supplemental clerk=s record is filed in this Court.
(Bold in original.)

 

On
July 7, 2002, Soard submitted to the trial court the documents he wanted
certified for submission to the court of appeals.  Counsel for the appellees stated he had no
objection to certification of the documents, and on July 16, 2002, the trial
court certified the additional documents as a supplemental clerk=s
record.

DISCUSSION

In
eight points of error, Soard challenges rulings excluding evidence, an order
granting summary judgment, the trial court=s purported failure to consider sections of the Texas Tort
Claims Act, and the trial court=s purported refusal to apply the Texas Lawyer=s
Creed and Disciplinary Rules of Professional Conduct.  Finding each of his complaints either without
merit or unsubstantiated by the appellate record, we affirm.








Points one through four and seven.  In points of error one
through four, and seven, Soard contends the trial court erred in excluding
expert testimony and denying the submission of depositions as evidence.  To obtain reversal of a judgment based upon
error in the admission or exclusion of evidence, the appellant must show:  (1) the trial court did in fact commit error,
and (2) the error was reasonably calculated to cause and probably did cause the
rendition of an improper judgment.  Tex. R. App. P. 44.1(a)(1); Hunt v.
Baldwin, 68 S.W.3d 117, 126 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  To determine whether the exclusion of
evidence constitutes reversible error, we must review the entire record.  McCraw v. Maris, 828 S.W.2d 756, 758
(Tex. 1992).  Without a complete reporter=s
record we cannot determine whether, if the trial court erred, the error was
reversible.  See S.H. v. Nat=l
Convenience Stores, Inc., 936
S.W.2d 406, 407B08 (Tex. App.CHouston [1st Dist.] 1996, no writ) (stating same in context of
case involving partial reporter=s record in compliance with former Texas Rule of Appellate
Procedure 53(d)).  Instead, we must
presume the record would have shown any errors in the exclusion of the evidence
were harmless.  See Brown v. McGuyer
Homebuilders, Inc., 58 S.W.3d 172, 176 (Tex. App.CHouston
[14th Dist.] 2001, pet. denied) (stating same in context of case involving
partial reporter=s record and non-compliance with Texas Rule of Appellate
Procedure 34.6(c)).

We
overrule points of error one through four, and seven.

Point five.  In point of error five, Soard argues the trial
court erred when it granted the Adefendants@ judgment on May 16, 2002. 
In the summary judgment Soard cites, the trial court granted the
independent executrix=s motion and discharged her from the suit.  The trial court, however, subsequently set
aside this summary judgment and ordered the suit against the independent
executrix be reinstated.  Soard=s
complaint regarding the earlier summary judgment is therefore moot.  See Harris County Children Protective Servs.
v. Richker, 2 S.W.3d 741, 744 (Tex. App.CHouston [14th Dist.] 1999, no pet) (holding agency=s
complaint directed at trial court=s initial reimbursement order moot when subsequent order did
not contain reimbursement requirement and agency was entitled to sovereign
immunity).

In
point of error five, Soard also reiterates the evidentiary complaints raised in
points of error one through four, and seven. 
We have overruled these points above.

We
overrule point of error five.








Point six.  In point of error six, Soard appears to argue
the trial court erred in instructing the verdict he take nothing on his cause
of action against UTHSC and not submitting the issue to the jury.  By citing Texas Tort Claims Act sections
101.021 and 101.023, Soard implies the instructed verdict was based on a claim
of sovereign immunity.  See Tex. Civ. Prac. & Rem. Code Ann. '
101.021 (Vernon 1997) & 101.023 (Vernon Supp. 2002).  Without a reporter=s
record, however, we are unable to determine the basis of the instructed
verdict.  Instead, we must presume the
record supports the trial court=s decision to instruct a verdict in favor of UTHSC.  See Brown, 58 S.W.3d at 176 (stating
same in context of case involving partial reporter=s
record and non-compliance with Texas Rule of Appellate Procedure 34.6(c)); see
also See Hicks v. Western Funding, Inc., 809 S.W.2d 787, 788 (Tex. App.CHouston
[1st Dist.] 1991, writ denied) (presuming facts against appellant in appeal
from directed verdict with no statement of facts).

We
overrule point of error six.

Point eight.  In point of error eight, Soard contends the
trial court erred in Arefusing to equally apply@ the Texas Lawyer=s Creed and Texas Disciplinary Rules of Professional Conduct
3.03 and 3.03.  In this point, Soard
complains the trial court permitted the defendants=
attorneys to schedule too many hearings and to submit false documents.  Soard, however, provides no record
substantiating these allegations and no record indicating he presented the
allegations to the trial court.  See
Tex. R. App. P. 33.1(a)
(regarding preservation of appellate complaints).

We
overrule point of error eight.

We
affirm the judgment of the trial court.

 

/s/        Joe
L. Draughn

Justice

 

 

 

Judgment rendered and Opinion filed
December 19, 2002.

Panel consists of Justices Yates, Frost,
and Draughn.[2]

Do Not Publish C
Tex. R. App. P. 47.3(b).











[1]  See Tex. R. App. P. 37.3(c). 





[2]  Senior Justice
Joe L. Draughn participating by assignment.