NO. 07-09-0088-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 1, 2009
______________________________

EXAMONE WORLDWIDE, INC., THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY, KELLY SCHAEFER, PAMELA LAMBERT
AND QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., APPELLANTS

V.

VON ALAN VENHUIZEN AND SUSAN VENHUIZEN, APPELLEES
                                    _________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-543,155; HONORABLE WILLIAM SOWDER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON AGREED MOTION TO DISMISS APPEAL
          Appellants, Examone Worldwide, Inc., Kelly Schaefer, Paula Lambert, and Quest
Diagnostics Clinical Laboratories, Inc., perfected an interlocutory appeal from the trial
court’s denial of appellants’ motion to dismiss and motion for costs. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(9) (Vernon 2008). Appellants and appellees, Von Alan
Venhuizen and Susan Vanhuizen, have filed an agreed motion to dismiss this appeal on
the basis that the parties have reached a settlement agreement. This agreed motion
requests this Court to dismiss the appeal. Dismissal of the appeal is authorized on motion
of appellant by Rule 42.1(a)(1) of the Texas Rules of Appellate Procedure. See Tex. R.
App. P. 42.1(a)(1). Thus, to effectuate the agreement of the parties as articulated in their
agreed motion to dismiss, this Court will construe that portion of the motion that requests
dismissal to be appellants’ request for such relief and we will grant the relief requested. 
Finding the motion, as construed, to comply with Rule 42.1(a)(1) of the Texas Rules of
Appellate Procedure, we dismiss the appeal.
          Further, the parties have requested that costs of the appeal be taxed to the party
incurring the same. As the agreed motion complies with the requisites of Rule 6.6 of the
Texas Rules of Appellate Procedure, we will tax costs of this appeal against the party that
incurred those costs. See Tex. R. App. P. 42.1(d), 6.6. 
          Having disposed of this appeal at the parties’ request, we will not entertain a motion
for rehearing and our mandate shall issue forthwith.
 
                                                                                      Per Curium



did not
provide us with a complete reporter's record of all evidence received by the trial court
below, she denied us with the tools necessary to perform our duty. Moreover, authority
requires us to presume that the missing record excerpts support the jury's determination. 
Brown v. McGuyer Homebuilders, Inc., 58 S.W.3d 172, 175 (Tex. App.-Houston [14th Dist.]
2001, pet. denied). Thus, we overrule this issue as well.

 Having overruled each issue, we affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice