

NUMBER 13-08-00110-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTONIO SALINAS, JR. AND SAN JUANA
SALINAS, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVES OF THE ESTATE OF
TIFFANY MARIE SALINAS, DECEASED,                    Appellants,

v.

JOHN W. KRISTENSEN, M.D.,                              Appellee.

On appeal from the 197th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

This is an appeal from a take-nothing judgment entered in favor of appellee, John

W. Kristensen, M.D.  By five issues, appellants, Antonio Salinas, Jr. and San Juana

Salinas, individually and as personal representatives of the estate of their daughter, Tiffany Salinas, contend (1) the trial court erred in granting judgment for Dr. Kristensen because the doctrine of parental immunity applied, and (2) the trial court erred in failing to award the Salinases a certain percentage of damages. By one cross-issue, Dr. Kristensen contends that, should this Court sustain any of the Salinases' issues, the trial court abused its discretion when it denied his motion to dismiss, which complained of the adequacy of the Salinases' expert report. We reverse and remand.

## I. Background

On April 3, 2003, the Salinases filed a medical malpractice suit against Dr. Kristensen in connection with the death of their daughter. After a trial on the merits, a jury found Dr. Kristensen, Antonio, and San Juana negligent, with Dr. Kristensen 40% responsible, Antonio 30% responsible, and San Juana 30% responsible. The jury awarded the Salinases $152,000 in damages for the claims made under the survival statute and $25,000 each for the wrongful death claims. However, because the parents were collectively more than 50% responsible for causing the death of their daughter, the trial court entered a take-nothing judgment against the Salinases and in favor of Dr. Kristensen. The Salinases filed their notice of appeal and requested a partial reporter's record. *See* TEX. R. APP. P. 34.6.

## II. Discussion

### A. Limited Appeal

The Salinases filed this appeal on a partial reporter's record containing only "arguments of counsel and objections and rulings of the Court of the hearing held on

October 5, 2007, on [Dr. Kristensen's] Motion to Enter Judgment." *See* TEX. R. APP. P. 34.6(c)(1). Under the Texas Rules of Appellate Procedure, an appellant may present a limited appeal based on a partial reporter's record if the appellant includes in his request for the reporter's record a statement of the points or issues to be presented on appeal. *Id*.; *In re A.W.P.*, 200 S.W.3d 242, 245 (Tex. App.–Dallas 2006, no pet.). "If a party complies with rule 34.6(c), he is entitled to the presumption that the omitted portions of the record are not relevant to the disposition of the appeal." *Brown v. McGuyer Homebuilders, Inc.*, 58 S.W.3d 172, 175 (Tex. App.–Houston [14th Dist.] 2001, pet. denied). When an appellant appeals with a partial reporter's record but does not designate points or issues relied upon for appeal, we must presume that the missing portions of the record support the trial court's judgment. *In re A.W.P.*, 200 S.W.3d at 245 (citing *Bennett*, 96 S.W.3d at 229); *Davis v. Kaufman County*, 195 S.W.3d 847, 851 (Tex. App.–Dallas 2006, no pet.); *Brown*, 58 S.W.3d at 175.

In this case, while the Salinases did file a written request with the court reporter to prepare a partial reporter's record, they did not announce in their request or in their notice of appeal any intention to limit their appeal, nor did they include in the request or notice the issues to be presented on appeal. *See* TEX. R. APP. P. 34.6(c)(1). Thus, the Salinases are not entitled to the presumption that the omitted portions of the reporter's record are irrelevant to the disposition of the appeal. *Brown*, 58 S.W.3d at 175. Rather, we must presume that the omitted portions of the record support the judgment the trial court rendered. *See In re A.W.P.*, 200 S.W.3d at 245.

## B.  Parental Immunity

By their first issue, the Salinases argue that Dr. Kristensen is not entitled to a reduction of the estate's damages by the percentage of negligence found against the Salinases because of the doctrine of parental immunity.  The Salinases urge that because parental immunity bars a child from bringing a cause of action against his parents, Dr. Kristensen, likewise, is not entitled to any reduction.

Under the parental immunity doctrine, an unemancipated minor is restricted in bringing a negligence action against his parents if the actionable conduct involves a reasonable exercise of parental authority or discretion.  *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 935 (Tex. 1992) (concluding that parental immunity applied to claim for negligent supervision of child who drowned).  "[W]here the parental immunity doctrine bars legal action by a child against his parents, that child's recovery from other defendants is not reduced by his parents' percentage of negligence." *Plainview Motels v. Reynolds*, 127 S.W.3d 21, 41 (Tex. App.–Tyler 2003, pet. denied) (applying parental immunity when a father held his child to prevent him from running about the premises which, the court concluded, was an act of supervision).

The parental immunity doctrine is applicable to "alleged acts of ordinary negligence which involve a reasonable exercise of parental authority or the exercise of ordinary parental discretion with respect to provisions for the care and necessities of the child." *Shoemake*, 826 S.W.2d at 938.  However, parental immunity does not apply if the evidence shows that (1) the parents committed a willful, malicious, or intentional wrong against a child or abandoned or abdicated their parental responsibility, (2) the act

4

complained of arises outside of a normal family relationship of a parent to a child, or (3) the damages were caused to the child by the parents negligently operating a motor vehicle. *See McCullough v. Godwin*, 214 S.W.3d 793, 801 (Tex. App.–Tyler 2007, no pet.) (citing *Reynolds*, 127 S.W.3d at 41; *Hall v. Martin*, 851 S.W.2d 905, 909 (Tex. App.–Beaumont 1993, writ denied) (concluding that parental immunity applied to claim that parent was negligent in entrusting a motor scooter to child without instructions or helmet)).

The transcript from the October 5, 2007 hearing on Dr. Kristensen's motion for entry of judgment appears in the appellate record and provides no support for the Salinases' parental immunity contentions. Moreover, there is no record from the trial before us, and therefore the record contains no evidence on the issue of parental immunity. Because we must presume that the omitted portions of the reporter's record support the trial court's judgment, *see In re A.W.P.*, 200 S.W.3d at 245; *Brown*, 58 S.W.3d at 175, we cannot conclude that the trial court erred in refusing to apply the doctrine of parental immunity in this case. We overrule the Salinases' first issue as it relates to parental immunity.

### C. Proportionate Responsibility

The Salinases also contend by their first issue that the trial court improperly entered a take-nothing judgment based on the jury's findings that the mother's and father's percentage of responsibility, taken together, was greater than 50 percent. We agree.

Section 33.001 of the Texas Civil Practice and Remedies Code provides that "a claimant may not recover damages if his percentage of responsibility is greater than 50 percent." TEX. CIV. PRAC. & REM. CODE ANN. § 33.001 (Vernon 2008). "If the claimant is not barred from recovery under Section 33.001, the court shall reduce the amount of

damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage or responsibility."  *Id.* § 33.012(a) (Vernon 2008).

During the relevant time, chapter 33 defined "claimant" as follows:

"Claimant" means a party seeking recovery of damages pursuant to the provisions of Section 33.001, including a plaintiff, counterclaimant, or third-party plaintiff seeking recovery of damages.  In an action in which a party seeks recovery of damages for . . . death of another person, . . . "claimant" includes both that other person and the party seeking recovery of damages pursuant to the provisions of Section 33.001.

Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 TEX. GEN. LAWS 971, 973 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(1) (Vernon 2008)).  Further, section 33.003,  entitled "Determination of Percentage of Responsibility," provides that the trier of fact shall determine the percentage of responsibility for each claimant, each defendant, each settling person, and each responsible third party with respect to each person's causing or contributing to cause harm from, among other things, a negligent act or a defective product, for which recovery of damages is sought.  TEX. CIV. PRAC. & REM. CODE ANN. § 33.003 (Vernon 2008).

The Salinases assert that the trial court improperly considered them as one claimant by combining their percentages of responsibility.  They contend that each parent is entitled to be considered separate and distinct when reducing any damage apportionment under section 33.003.  *See id.*  In response, Dr. Kristensen urges that the father and mother in this case do constitute a single "claimant," and therefore, their collective 60% responsibility precludes recovery under section 33.001.  *Id.* § 33.001.

In *Sanchez v. Brownsville Sports Center, Inc.*, a products liability and wrongful death case, we concluded that if more than one plaintiff is found responsible for the harm, the

6

plaintiffs' percentages of responsibility cannot be combined to reach the 51% threshold and bar them from recovering damages. 51 S.W.3d 643, 656 (Tex. App.–Corpus Christi 2001), *vacated w.r.m. sub nom. Honda Motor Co. v. Sanchez*, No. 01-1040, 2003 Tex. LEXIS 8, at *1 (Tex. Feb. 6, 2003). Specifically, we ruled that the percentages of responsibility assigned to the Ramoses, the parents in that case, could not be combined to bar recovery under chapter 33. *See id*. We explained that,

> [a]lthough only one cause of action exists in . . . [a] wrongful death case, each of the parents is entitled to recover for the death of their son. . . . As they are each entitled to recover, each of the Ramoses is a claimant for the purposes of the civil practice and remedies code. Each one of the Ramoses should have recovered the amount of damages apportioned to them by the jury and reduced by their respective percentages of responsibility.

*Id.*

Dr. Kristensen argues that following our precedent in *Sanchez* would be inconsistent with the Texas Supreme Court's holding in *Drilex Systems, Inc. v. Flores.* *See* 1 S.W.3d 112, 122 (Tex. 1999). We disagree. In *Drilex*, the supreme court concluded that all of the Flores family members who were party-plaintiffs seeking recovery of damages for the injuries suffered by Jorge Flores were included in the term "claimant" and were to be treated as one claimant for purposes of applying the dollar-for-dollar credit. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(b) (Vernon 2008). The *Drilex* court addressed a settlement credit issue. *See Drilex,* 1 S.W.3d at 120. It clarified the proper procedure for applying settlement credits when family plaintiffs are seeking damages for injury to the same person. *Id.* at 120-24.

The issue in this case does not involve settlement credits. As in *Sanchez*, this case generally involves a determination of whether the trial court's judgment provided the

7

Salinases with all the relief to which they are entitled under chapter 33 of the Texas Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 301 (providing that a judgment "shall be so framed as to give the party all the relief to which he may be entitled either in law or equity"). Concluding that the trial court erred in rendering a take-nothing verdict under applicable Texas law, we resolved that issue in favor of the parents in *Sanchez*, *see* 51 S.W.3d at 656, and following our precedent, we now resolve it in favor of the Salinases. We stated in *Sanchez*, "[a] fair reading of the relevant statutory provisions precludes combining percentages to bar recovery, just as it bars combining multiple defendants' percentages to determine if joint and several liability is appropriate." *Id.*; *see* TEX. CIV. PRAC. & REM. CODE §§ 33.012(a) (setting out that the amount of damages due a claimant shall be reduced by a percentage of responsibility assessed against the claimant), 33.013 (providing that each liable defendant is jointly and severally liable for damages recoverable by the claimant if the percentage of responsibility attributed to the defendant is greater than 50 percent).

Noting that *Sanchez* involved only a wrongful death claim, Dr. Kristensen attempts to distinguish that case from the Salinases' survival claims. He urges that, in a survival claim, each parent is not entitled to recover; rather, the parents, as representatives of the estate, would be entitled to a single recovery. Thus, with respect to the survival claims, he contends that the parents cannot each be considered separate claimants under *Sanchez*. We find no authority supporting this argument. Without more, we cannot conclude that the collective responsibility of the parents should bar recovery of damages awarded for injuries

8

the child suffered before her death.  We, thus, are bound by our precedent in *Sanchez*. *See* 51 S.W.3d at 656.

Dr. Kristensen also argues that the language found in section 13.01(r)(3) of the former article 4590i of the Texas Revised Civil Statutes, the applicable medical liability statute, supports the argument that the parents are one claimant and, thus, their proportionate liability should be combined.  *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 13.01(r)(3), 1995 TEX. GEN. LAWS 985, 986 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.001) (Vernon 2005)).  Former article 4590i, section 13.01(r)(3) provides "[a]ll plaintiffs claiming to have sustained damages as the result of the bodily injury or death of a single person are considered to be a single claimant." *Id.*  Again, however, we find no case law that interprets the applicability of section 13.01(r)(3) in a proportionate liability context or that distinguishes between health care liability claims under former article 4590i and products liability claims in determining proportionate responsibility. Therefore, we are bound to follow *Sanchez.  See* 51 S.W.3d at 656.

We conclude that the trial court erred in determining that the mother's and father's percentages of responsibility, taken collectively, barred recovery and in rendering a take-nothing judgment on the wrongful death and survival claims.  Thus, we sustain the Salinases' first issue on that basis.

### D.  Motion to Dismiss

By a conditional cross-issue, Dr. Kristensen asserts that, should we sustain any of the Salinases' issues and reverse the trial court's take-nothing judgment, the trial court abused its discretion in denying his motions to dismiss because the Salinases did not serve

an expert report complying with the requirements of former section 13.01 in that the report failed to adequately address causation. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 13.01, 1995 TEX. GEN. LAWS 985, 986 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.001); *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam) (explaining that the report must include the expert's opinion on each of the three elements that the statute identifies: standard of care, breach, and casual relationship). Dr. Kristensen suggests that this argument is raised in this appeal as an additional basis upon which the take-nothing judgment could have been supported. We disagree.

Rule 25.1(c) of the Texas Rules of Appellate Procedure requires any party "who seeks to alter the trial court's judgment or other appealable order" to file a notice of appeal. TEX. R. APP. P. 25.1(c); *Welkener v. Welkener*, 71 S.W.3d 364, 368 (Tex. App.–Corpus Christi 2001, no pet.); *City of Freeport v. Vandergrifft*, 26 S.W.3d 680, 683 (Tex. App.–Corpus Christi 2000, no pet.). Dr. Kristensen's cross-issue in this case challenges the trial court's ruling on his motion to dismiss. It does not address the trial or the trial court's take-nothing judgment. Were we to sustain this conditional cross-issue, we would not affirm the take-nothing judgment. Rather, as Dr. Kristensen acknowledges, we would reverse the trial court's order denying Dr. Kristensen's motions to dismiss and dismiss the Salinases' claims. Therefore, this is an issue to be raised in a cross-appeal, not as an additional basis to uphold the judgment.

Our review of the record reveals that Dr. Kristensen did not file a notice of appeal. *See* TEX. R. APP. P. 26.1(d) (setting out that if any party files a timely notice of appeal, another party may file a notice of appeal within thirty days after the judgment is signed, with

exceptions that do not apply here, or fourteen days after the first filed notice, whichever is later).  Therefore, this cross-issue is not properly before this Court.

### III.  Conclusion

We reverse the trial court's take-nothing judgment against the Salinases and remand for entry of a judgment in accordance with this opinion.


NELDA V. RODRIGUEZ
Justice


Dissenting Memorandum Opinion by Justice Vela.

Delivered and filed the 25th
day of November, 2009.

11