**Affirmed and Memorandum Opinion filed January 16, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00980-CV

### APRIL DUPREE ADESHILE, Appellant

### V.

### METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS, Appellee

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2010-66501**

## M E M O R A N D U M    O P I N I O N

Appellant, April Dupree Adeshile, sued the Metropolitan Transit Authority of Harris County, Texas ("METRO") for retaliation under the Texas Commission on Human Rights Act (TCHRA).[1] On appeal, Adeshile argues that the trial court erred when it granted a directed verdict in favor of METRO. We affirm.

---

[1] *See* Tex. Lab. Code Ann. ch. 21 (West 2006 & Supp. 2013).

## FACTS AND PROCEDURAL BACKGROUND

Adeshile alleged in her petition that METRO retaliated against her by issuing unwarranted write-ups and disciplinary action and by denying her application for promotion to Street Services Supervisor. She claimed that METRO retaliated because she had filed multiple discrimination complaints and because she sued METRO for discrimination in 2006. METRO answered with a general denial to Adeshile's allegations and asserted several defenses that are not at issue in this appeal.

The parties conducted discovery. The trial court denied METRO's motion for summary judgment, and the case proceeded to trial. After Adeshile presented her case, METRO moved for a directed verdict, which the trial court granted. Adeshile timely appealed and chose to proceed pro se.

## DIRECTED VERDICT STANDARDS

We apply a legal sufficiency standard when reviewing a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *City of Houston v. Proler*, 373 S.W.3d 748, 754 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A directed verdict is proper if no probative evidence raises a fact issue on the material questions in the lawsuit. *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Brown v. McGuyer Homebuilders, Inc.*, 58 S.W.3d 172, 176 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). A directed verdict in favor of the defendant is proper (1) if the plaintiff does not present evidence raising a fact issue essential to her right of recovery or (2) if the plaintiff admits or the evidence conclusively establishes a defense to her cause of action. *Cherqui*, 116 S.W.3d at 343. When reviewing a directed verdict, we must consider all the evidence in a light most favorable to the

losing party, crediting evidence a reasonable jury could credit and disregarding contrary evidence unless a reasonable jury could not. *Merriman*, 407 S.W.3d at 248; *see Cherqui*, 116 S.W.3d at 343; *Brown*, 58 S.W.3d at 176. The trial court must instruct the verdict if there is no evidence of probative force on an ultimate fact element. *Cherqui*, 116 S.W.3d at 343.

## DISCUSSION

Our review of the directed verdict in this case must be limited because Adeshile did not obtain a reporter's record. Under Texas Rule of Appellate Procedure 37.3(c), if a clerk's record has been filed and the appellant was given notice and an opportunity to cure her failure to file a reporter's record, the appellate court may consider and decide the issues that do not require a reporter's record. This limitation applies if (1) the appellant failed to pay or make arrangements to pay for the reporter's record and (2) the appellant was not entitled to proceed without paying the costs. Tex. R. App. P. 37.3(c). Here, a clerk's record has been filed. Adeshile did not pay or make arrangements to pay for the reporter's record. The trial court sustained a contest to Adeshile's affidavit of indigence, and Adeshile did not ask this court to review that decision. *See id.* 20.1(j). Adeshile expressed in a letter her desire to proceed without a reporter's record. Therefore, we only need to consider and decide the issues that do not require a reporter's record. *See In re Marriage of Spiegel*, 6 S.W.3d 643, 646 n.1 (Tex. App.—Amarillo 1999, no pet.) (a court "need not consider those issues that are dependent upon the presence of the [reporter's record]").

The issue, then, is whether we can overturn the directed verdict in this case without a reporter's record. "Public policy favors the validity of judgments." *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Generally, in the absence of a reporter's

3

record, we must presume that the omitted evidence supports the trial court's judgment. *See, e.g.*, *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (appellant did not obtain statement of facts in challenge to adequacy of damages); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987) (respondent did not obtain statement of facts for the hearing on its motion for new trial); *Public, Inc. v. Cnty. of Galveston*, 264 S.W.3d 338, 341 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (appellant did not obtain reporter's record of hearing on tax assessment); *Hebisen*, 217 S.W.3d at 536 (appellants did not obtain record of de novo hearing on property tax assessments); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (appellant did not obtain complete reporter's record and did not designate partial reporter's record in legal and factual sufficiency challenge to misconduct finding); *Spiegel*, 6 S.W.3d at 646 (husband did not obtain reporter's record of temporary injunction hearing); *Matthews v. Land Tool Co.*, 868 S.W.2d 25, 27 (Tex. App.—Houston [14th Dist.] 1993, no writ) (appellant did not obtain complete reporter's record of products liability and DTPA trial for his appeal of directed verdict); *see also McDonald v. State*, 936 S.W.2d 734, 737 (Tex. App.—Waco 1997, no writ) (requiring entire record of trial court proceedings in directed verdict cases). We also assume that "the trial court heard sufficient evidence to make all necessary findings in support of its judgment." *Hebisen*, 217 S.W.3d at 536.

In this retaliation cause of action, Adeshile had to prove (1) that she engaged in a protected activity, (2) that an adverse employment decision occurred, and (3) that a causal connection exists between the participation in the protected activity and the adverse employment decision. *Elgaghil v. Tarrant Cnty. Junior Coll.*, 45 S.W.3d 133, 142 (Tex. App.—Fort Worth 2000, pet. denied); *Thomas v. Clayton*

4

*Williams Energy, Inc.*, 2 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 1999, no pet); *see* Tex. Lab. Code Ann. § 21.055 (West 2006). The trial court's judgment states that "[Adeshile's] evidence does not raise a fact issue on one or more issues that [Adeshile] must establish to be entitled to judgment." Because Adeshile did not provide this court with a reporter's record, we must presume that the evidence presented at trial supported the trial court's judgment. Accordingly, we overrule Adeshile's main issue on appeal.

Adeshile asserted a number of additional claims and causes of action in her brief, including defamation, spoliation, judicial misconduct, and perjury. As discussed above, because we lack a complete appellate record and are therefore unable to ascertain what claims and evidence Adeshile presented to the trial court, we overrule her remaining issues.

The trial court's judgment is affirmed.

/s/    Marc W. Brown
          Justice

Panel consists of Justices Boyce, Christopher, and Brown.