COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE ESTATE OF JOEL SOTO by and through its independent administrator, MARIBEL AMADOR, and MARIBEL AMADOR, Indiv. and IVAN SOTO, JOSEL SOTO, JR., and PAULINA SOTO, all Indiv., By and Through Their Next Friend, MARIBEL AMADOR, | § § § § § | No. 08-18-00007-CV<br><br>Appeal from the<br><br>205th Judicial District Court |
| Appellants, | § | of Hudspeth County, Texas |
| | | (TC#CV-04423-205) |
| v. | § | |
| BAUDELIO GONZALEZ MIRELES, | § | |
| Appellee. | § | |

## **O P I N I O N**

Appellants, Maribel Amador, the Independent Administrator of the Estate of Joel Soto, et al., appeal the trial court's denial of their Motion for New Trial. The decedent, Joel Soto, was struck and killed by a vehicle driven by the Appellee, Baudillo Gonzalez Mireles, as Soto was riding his bicycle. In a single issue, Appellants contend the trial court erred by not excluding the evidence regarding Joel Soto's blood alcohol content level. We affirm.

### **BACKGROUND**

Both parties agree a trial took place and evidence pertaining to Soto's blood alcohol content level at the time of his death was admitted during the trial. The jury unanimously found Soto negligent for his death and awarded zero damages to Soto's estate.

On December 15, 2017, the trial court denied Appellants' Motion for New Trial. This appeal followed.

## DISCUSSION

In their sole issue, Appellants claims reversible error because the trial court erred by not excluding the evidence as to Soto's blood alcohol content level. Appellee responds that Appellants did not provide the reporter's record of the trial testimony or exhibits, and only provides the reporter's record from the pretrial hearings and the hearing on her motion for new trial. Appellee asserts the lack of the full trial record is fatal to Appellants' appeal because Appellants cannot establish harmful evidentiary error with a partial record. We agree.

### *Standard of Review*

We review a trial court's denial of a motion for new trial for abuse of discretion. *Manjlai v. Manjlai*, 447 S.W.3d 376, 379 (Tex.App.—Houston [14th Dist.] 2014, pet. denied). A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *Granbury Marina Hotel, L.P. v. Berkel & Co. Contractors, Inc.*, 473 S.W.3d 834, 841 (Tex.App.— El Paso 2015, no pet.)(citing *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). In addition, an appellant seeking to reverse a judgment on evidentiary error must show not only that the trial court abused its discretion and improperly admitted the evidence, but also that the admission probably resulted in an improper judgment. *Sanchez v. Balderrama*, 546 S.W.3d 230, 234 (Tex.App.—El Paso 2017, no pet.). To properly evaluate whether an admission

of a particular piece of evidence resulted in an improper judgment, we must review the entire record and the appellant must demonstrate the judgment turned on the specific, particular evidence admitted. *Id*. at 234-35. Determining whether erroneous admission of evidence is harmful is a matter of judgment by the reviewing court. *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004).

*Analysis*

Under Rule 34.6(c) of the Texas Rules of Appellate Procedure, if an appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues. TEX.R.APP.P. 34.6(c)(1). This gives the opposing party the opportunity to supplement the requested evidence by designating additional exhibits and portions of the testimony to be included in the reporter's record. TEX.R.APP.P. 34.6(c)(2). Compliance with Rule 34.6(c) requires appellate courts to presume that the partial reporter's record constitutes the entire record for purposes of reviewing the stated points or issues. TEX.R.APP.P. 34.6(c)(4).

Appellants failed to comply with TEX.R.APP.P. 34.6(c)'s requirements. Appellants requested a partial reporter's record, but failed to include any statements of the issues intended to be presented on appeal. When an appellant completely fails to include any statements of the issues, the record is deemed incomplete and the appellate court presumes the omitted portions of the reporter's record are relevant and support the trial court's judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002)(noting that Rule 34.6 requires appellate courts to affirm the trial court's judgment when appellants completely fail to submit statements of issues); *In re Tyler*, 408 S.W.3d 491, 494 (Tex.App.—El Paso 2013, no pet.).

Appellants contend the admission of the toxicology report and any testimony relating to the deceased's blood alcohol content rendered an improper judgment and asks this Court to find reversible error based on the trial court's admission of the evidence. The applicable analysis requires a review of the entire record, and Appellants must demonstrate that the improper judgment turned on the erroneously admitted evidence. *Sanchez*, 546 S.W.3d at 235.

Appellants only requested a partial reporter's record, which did not include any of the trial record, including any trial testimony or trial exhibits. A determination of whether evidentiary error caused an improper judgment cannot be made without a review of the entire trial record. *See TXI Transportation Company v. Hughes*, 306 S.W.3d 230, 242–43 (Tex. 2010)("[Probable error] is a matter of judgment drawn from an evaluation of the whole case from voir dire to closing argument, considering the state of the evidence, the strength and weakness of the case, and the verdict.")[Internal quotation marks omitted]. Appellants only requested the reporter's record of the hearings on the pretrial matters and her motion for new trial; the entire trial record absent, leaving this Court without any record of the admission of the complained of evidence or the circumstances surrounding the admission – we cannot even determine whether there was an properly preserved objection or even if it comports with Appellants' issue on appeal.[1] Since we

---

1 Appellants requested the following items from the court reporter to be filed for this appeal:

[Item 1] Hearing on 'Plaintiff's' Motion to Strike Paul Goldstein, PhD And Hector Zepada, M.D. As Experts and to Exclude Toxicology Report Re: Joel Soto';

[Item 2] Hearing on 'Plaintiff's' Second Supplemental Motion to Strike Paul Goldstein, PhD And Hector Zepada, M.D. As Experts And To Exclude Toxicology Report Re: Joel Soto';

[Item 3] Any and all reporter's record re: all pre-trial matters including, but not limited to, admission into evidence of exhibits, 'Plaintiff's Motion In Limine,' and 'Plaintiffs' First Supplemental Motion In Limine'; and

[Item 4] 'Plaintiffs' Motion For New Trial.'

cannot review the entire record—as we are required to do—to determine whether the alleged evidentiary error rendered an improper judgment, we are unable to find reversible error. *See Sanchez*, 546 S.W.3d at 235; *Granbury*, 473 S.W.3d at 841.

Aside from being unable to conduct an analysis of the entire record, Appellants' failure to comply with Rule 34.6(c)'s requirements further increase Appellants' legal impediments. When an appellant files a partial reporter's record, but fails to comply with Rule 34.6(c), we are required to presume that the omitted portions of the reporter's record are relevant and support the trial court's judgment. *Bennett*, 96 S.W.3d at 229; *El Paso Accent Homes, L.L.C. v. Preferred Group Properties, Inc.*, 387 S.W.3d 810, 812 (Tex.App.—El Paso 2012, no pet.).

Texas appellate courts have consistently held that harmful reversible error based on an evidentiary ruling cannot be established with a partial reporter's record that lacks statements of issues. *Brown v. McGuyer Homebuilders, Inc.*, 58 S.W.3d 172, 176 (Tex.App.—Houston [14th Dist.] 2001, pet. denied)("because [appellant] failed to comply with Rule 34.6(c)(1), we must presume that evidence omitted from the record would have shown that the errors, if any, were harmless."). Because Appellants failed to comply with Rule 34.6(c), we presume the evidence omitted from the record would have shown that any error, if any, was harmless. *Brown*, 58 S.W.3d at 176.

In the absence of the entire trial record and Appellants' failure to comply with Rule 34.6(c), we are unable to find reversible error. Accordingly, we find that the trial court did not abuse its discretion. We overrule the sole issue on appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

August 21, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

6